[L. A. No. 8954.   In Bank.—December 1, 1925.]

BANCROFT–WHITNEY   COMPANY   (a   Corporation), Petitioner, v. H. A. PAYNE, County Auditor, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—MUNICIPAL COURTS—POWER OF SUPERVISORS TO PURCHASE EQUIPMENT.—The board of supervisors of the county of Los Angeles has power, under the charter of said county and the provisions of general law, to purchase the proper appliances and equipment for a municipal court established under the provisions of the constitution authorizing the establishment of such courts, and of the act of the legislature giving effect to the same, and the charter of the city of Los Angeles, the ordinance thereof and the ordinance of the board of supervisors of Los Angeles County, providing the successive steps in the creation and establishment of such courts.

---

(1) 15 C. J., p. 985, n. 41 New.

APPLICATION for a Writ of Mandate to compel a County Auditor to approve a demand for the purchase price of certain law books. Writ granted.

The facts are stated in the opinion of the court.

Myron Westover for Petitioner.

Newby & Palmer for Respondent.

Jess E. Stephens, City Attorney, Chas. B. MacCoy, Deputy City Attorney, and J. M. Friedlander, City Prosecutor, *Amici Curiae.*

RICHARDS, J.—The petitioner herein applies for a writ of mandate to be directed to the respondent herein in his capacity as county auditor of the county of Los Angeles, commanding him to audit and approve the petitioner's claim and demand for a certain sum of money claimed to be due and payable to said petitioner as the purchase price of certain property sold and delivered to the county of Los Angeles pursuant to an order of the board of supervisors thereof, directing the purchasing agent of said county to procure and furnish certain sets of Deering's Codes of California for the use of the municipal court established by an ordinance of the city council of the city of Los Angeles, approved August 26, 1925, published September 2, 1925, and which became effective on October 2, 1925, and by virtue of which it was provided that said municipal court should begin to function on December 1, 1925. It is for the purchase of said property pursuant to said order for such purpose that the petitioner herein demands payment and for which it seeks the issuance of the writ prayed for herein. It is stipulated by the parties hereto that the facts set forth in the petitioner's said application are true.

The sole question presented for our consideration in this proceeding is as to whether or not the city of Los Angeles has, by proper and legal procedure, established a municipal court in that city which can begin to function as such court on December 1, 1925. Section 8½ of article XI of the state constitution provides in part as follows: It shall be competent for cities in their charters to provide:

"1. For the . . . establishment, constitution, regulation, government and jurisdiction of municipal courts and judges thereof, with such civil, criminal and magisterial jurisdiction as by law may be conferred upon inferior courts and judges thereof";

Section 1 of article VI of said constitution, as amended in 1924, provides in part as follows:

"The judicial power of the state shall be vested in the Senate, sitting as a court of impeachment, in a Supreme Court, District Courts of Appeal, Superior Courts, such municipal courts as may be established in any city or city and county, and such inferior courts as the legislature may establish in any incorporated city or town, township, county or city and county. (Amendment adopted November 4, 1924.)"

Section 13 of the same article reads as follows:

"The legislature shall fix by law the jurisdiction of any inferior courts which may be established in pursuance of section 1 of this article, and shall fix by law the powers, duties and responsibilities of the judges thereof."

The act of the legislature of 1925 (Stats. 1925, p. 648), provides in part as follows:

"Section 1. A municipal court is hereby authorized to be established for each chartered city or city and county of the state having a population of more than forty thousand inhabitants as ascertained by the census taken under the authority of the Congress of the United States last preceding the establishment of such court; whenever such city or city and county by its charter provides for the establishment of such court, or whenever a majority of the qualified electors of any such city or city and county voting upon the question of the establishment of such municipal court, vote in favor thereof.

"Section 2.   Whenever the charter of a city or city and county, either as originally adopted or by amendment thereto, provides for the establishment of a municipal court, such court shall begin to function at the time fixed in the charter, or if no time is therein fixed then at such time as shall be fixed by an ordinance of the legislative body of such city or city and county."

Section 429 of the charter of the city of Los Angeles (Stats. 1925, p. 1151) contains a provision, reading as follows:

"The city of Los Angeles may establish a municipal court when, and in such manner as may be, authorized by the constitution or laws of the state of California."

On the twenty-fourth day of July, 1925, the board of supervisors of the county of Los Angeles duly adopted an ordinance, by the terms of which the boundaries of Los Angeles township were so changed that said township was, upon the taking effect of said ordinance, to be wholly within the boundaries of the city of Los Angeles. On the twenty-sixth day of August, 1925, the city council of the city of Los Angeles duly adopted an ordinance creating, constituting, and establishing a municipal court in the city of Los Angeles, which ordinance reads in part as follows:

"Section 1. That a municipal court in and for the city of Los Angeles is hereby created, constituted and established, under authority of, and in conformity with, the Constitution and laws of the state of California and the charter of said city.

"Sec. 2.    That said municipal court shall begin to function on the 1st day of December, 1925, and shall have and exercise such jurisdiction and powers as are now, or hereafter may be, provided by law.

"Sec. 3. That until otherwise provided by law, the number of judges of said municipal court shall be twenty-four; and the qualifications of such judges, and the manner in which, the time at which, and the term for which, they shall be elected or appointed shall be as is now, or hereafter may be, provided by law."

"Sec. 5.    That the justices of the peace of the city of Los Angeles, and the justices of the peace of the townships of Los Angeles, and the clerks and other attaches of the courts of such justices of the peace shall become and act as the judges, clerks and attaches respectively of said municipal court from and after the time said municipal court shall begin to function, in accordance with the provision of section 11 of article VI of the constitution of the state of California, as amended November 4, 1924."

By the terms of section 35 of article III of the charter of the city of Los Angeles (Stats. 1925, p. 1044), the city

council of the city of Los Angeles possesses the following powers, viz.:

"Except as otherwise in this charter specifically provided, the council shall have full power to pass ordinances upon any subject of municipal control, or to carry into effect any of the powers of the city."

The foregoing provisions of the constitution, and of the act of the legislature giving effect to the same, and of the Los Angeles charter and of the ordinance of the city council of said city, and of the board of supervisors of Los Angeles County, providing the successive steps in the creation and establishment of municipal courts have, in our opinion, the combined effect of creating, providing for, and establishing a municipal court in and for the city of Los Angeles which should begin to function as such upon December 1, 1925, with such officers as were duly qualified on that date to be and act as the judge and other officers thereof.   [1]   This being so, we are further of the opinion that the board of supervisors of the county of Los Angeles had power under the charter of said county and under the provisions of general law to purchase and provide the proper appliances and equipment for the functioning of said court, among which might be included the requisite number of the published codes of this state for the use of the judges and officers thereof.   This latter proposition has not been questioned in this proceeding.

It is, therefore, ordered that a writ of mandate issue as prayed for herein.

Lennon, J., Shenk, J., Waste, J., Seawell, J., and Lawlor, J., concurred.