[L. A. No. 9403.  In Bank.—December 31, 1926.]

ROBERT J. HUGHES, etc., Petitioner, v. THE MUNICI-
PAL COURT OF THE CITY OF LOS ANGELES et
al., Respondents.

[1] MUNICIPAL COURTS — SMALL CLAIMS COURTS — CONSTRUCTION OF
CONSTITUTION.—The contention that by reason of the provisions
of the constitution providing for the organization of municipal
courts and the omission of the legislature to provide an inferior
court for the city of Los Angeles with jurisdiction of claims not
exceeding fifty dollars, there no longer exists in said city a forum
in which such claims may be tried in accordance with the procedure
prescribed by the general act creating small claims courts, cannot
be maintained.

[2] ID.—ACT ESTABLISHING MUNICIPAL COURTS—SUFFICIENCY OF TITLE
—CONSTITUTIONAL LAW.—The act authorizing the establishment
of municipal courts (Stats. 1925, p. 648) sufficiently expresses in
its title the subject (embodied in the act) referring to the con-
tinuance in existence of inferior or small claims courts.

[3] ID.—AUTHORITY TO CREATE INFERIOR COURTS.—The provision of the
constitution which authorized the legislature to create courts in-
ferior to the municipal courts, construed with reference to all
other provisions of the constitutional amendment authorizing mu-
nicipal courts and the statute establishing small claims courts,
forces the conclusion that it was not the intention of the legisla-
ture to deprive any judicial district of the state of the benefits
of the summary procedure conferred by such statute, but that
it was the evident intent of the amendment to continue in force
such procedure as a part of the judicial system of the state, and,
if necessary for the accomplishment of the object for which small
claims courts were created, to authorize the legislature to create
such additional inferior courts as the business of each municipality
or community may require.

[4] ID.—SMALL CLAIMS COURTS—OBJECT OF.—The small claims court
was created primarily to avoid wasteful litigation and to reduce
to a minimum costs of trial in cases where the demands are small.

[5] ID.—MUNICIPAL COURTS—JURISDICTION.—The legislature may re-
lieve the municipal court of the duties with which it is charged
by the Small Claims Court Act by establishing a court of inferior
jurisdiction which it is authorized to create, and unless the muni-
cipal court is so relieved it is required to finish all unfinished
business pending in the court which it supplants and perform the
duties that the law imposes upon the justice's court.

See 7 Cal. Jur. 581, and Supplement.

[6] ID.—DUTIES OF JUSTICE'S COURT.—The legislature by providing the small claims court procedure did not set up a separate, independent judicial tribunal to be presided over by a judge elected or appointed exclusively to perform the duties prescribed by the small claims court statute, but made it the duty of the several justices of the peace of the state to enforce its provisions.

[7] ID.—ACT ESTABLISHING MUNICIPAL COURTS—CONSTRUCTION OF.—Sections 26 and 27 of the act establishing municipal courts make it clear that the duties appended to the justices' courts by the Small Claims Court Act are transferred to the municipal courts unchanged in any material respect.

[8] ID.—SECTION 831E ET SEQ., CODE OF CIVIL PROCEDURE—CONSTRUCTION OF.—The procedure adopted by section 831e et seq. of the Code of Civil Procedure is inapplicable to small claims court matters and was not intended to abolish the small claims court procedure.

(1) 15 C. J., p. 855, n. 13, p. 864, n. 71 New.   (2) 15 C. J., p. 985, n. 41 New; 36 Cyc., p. 1038, n. 73.   (3) 15 C. J., p. 745, n. 91, p. 855, n. 13, p. 864, n. 71 New.   (4) 15 C. J., p. 858, n. 55 New. (5) 15 C. J., p. 985, n. 41 New.   (6) 15 C. J., p. 985, n. 41 New. (7) 15 C. J., p. 985, n. 41 New.   (8) 15 C. J., p. 985, n. 41 New.

APPLICATION for a Writ of Mandate to compel the municipal court of the City of Los Angeles to accept a claim for filing under the statute creating small claims courts. Writ granted.

The facts are stated in the opinion of the court.

Frank M. Smith for Petitioner.

Everett W. Mattoon and R. C. McAllaster for Respondents.

Arthur L. Johnson and Charles F. Lowy, *Amici Curiae* on Behalf of Bureau of Labor Statistics.

J. M. Friedlander, City Prosecutor, and Vernon S. Gray, Deputy City Prosecutor, *Amici Curiae* on Behalf of Municipal Court.

SEAWELL, J.—Petition for writ of *mandamus*. James Wallace was indebted to petitioner, Roberts Mutual Paint Company, in the sum of $40.21. Petitioner, upon the au-

thority of the statute creating small claims courts (Stats. 1921, p. 117, adding sections 927–927p to the Code of Civil Procedure), presented to respondents Honorable Henry M. Willis and W. S. Dinsmore, presiding judge and clerk, respectively, of the Municipal Court of the City of Los Angeles, said claim and requested the same to be filed. Respondents and each of them refused to permit said claim to be filed in said court and refused to assume jurisdiction of the subject matter of the action or to at all entertain the proceeding, assigning as the grounds of their refusal that by the amendment of article VI, section 11 of the state constitution, adopted November 4, 1924, all existing inferior courts upon the organization of a municipal court as provided therein were abolished and that at the time the proceeding herein was attempted to be initiated said Municipal Court of the City of Los Angeles was fully organized and functioning as such court. It is further argued that courts of inferior jurisdiction cannot exist in cities where municipal courts are established without affirmative action on the part of the legislature creating them, and inasmuch as no inferior or small claims court has been created by any act of the legislature, none exists in the city of Los Angeles and hence respondents are justified in their refusal to entertain said action.

[1] In brief, it is the contention of respondents that by reason of the provisions of the constitution providing for the organization of municipal courts, by virtue of which the respondent court was created, and by reason of the omission of the legislature to provide by appropriate statute an inferior court in and for the city of Los Angeles, the jurisdiction of which court should not extend to cases wherein the claim or demand is more than fifty dollars, there no longer exists in said city a forum in which claims or demands of fifty dollars or less may be tried in accordance with the procedure prescribed by the general act creating small claims courts. (Code Civ. Proc., secs. 927–927p; Stats. 1921, p. 117.) [2] It is further contended that conceding certain language employed in sections 4, 26, and 27 of the act authorizing the establishment of municipal courts (Stats. 1925, p. 648) is susceptible of a construction that would continue in existence inferior or small claims courts, the title of the

act does not express this subject and, therefore, the provisions of said act which attempt to continue in existence said courts are void and without effect as being in contravention of article IV, section 24 of the constitution. We are of the opinion that the subject of the act is expressed by its title, which is in the following language: "An act authorizing the establishment of municipal courts, prescribing their constitution, regulation, government, procedure and jurisdiction. . . . " The language of the title is quite comprehensive and unquestionably expresses the subject, to wit, the regulation, government, procedure, and *jurisdiction* of said courts.

In the instant case the legislature has not met in biennial session since the organization of respondent court and no courts of an inferior jurisdiction have been created to perform the services formerly rendered by justices' courts. [3] The provision of the constitution which authorized the legislature to create courts inferior to the municipal courts reads: "The legislature may, however, provide for the establishment of courts inferior to municipal courts in cities and cities and counties where municipal courts are established; provided, however, that the jurisdiction of such inferior courts shall not extend to cases in which the claim or demand is more than fifty dollars." (Const., art. VI, sec. 11.) The foregoing language construed with reference to all the other provisions of the amendment and the statute establishing small claims courts forces the conclusion that it was not the intention of the law-making body to deprive any judicial district of the state of the benefits of the summary procedure conferred by statute which it had formerly enjoyed, but, on the contrary, it was the evident intent of the amendment to continue in force said summary procedure as a part of the judicial system of the state and, if necessary for the accomplishment of the object for which small claims courts were created, to authorize the legislature to create such additional inferior courts as the business of each municipality or community may require. [4] The small claims court was created primarily to avoid wasteful litigation and to reduce to a minimum costs of trial in cases where the demands are small. (*Leuschen* v. *Small Claims Court*, 191 Cal. 133 [215 Pac. 391].) Considering the history of the

entire subject, we think there is greater reason for concluding that the clause of the constitution last above cited was intended solely to confer upon the legislature the means of expediting litigation by relieving the municipal courts of congestion, rather than to deprive persons who reside within municipal court districts of a privilege equal with those who reside without the jurisdiction of said courts.

The Municipal Court Act provides that any city or city and county or township by complying with the constitutional requirements may establish a municipal court. Such a court is given enlarged jurisdiction over justices' courts and is designed to supplant those courts in case the people of said municipalities or political subdivisions elect to avail themselves of the privilege of establishing courts of enlarged jurisdiction. The justices' courts and other inferior courts of like jurisdiction cease to exist upon the establishment of a municipal court. The central thought running through the act is to abolish the justices' courts and their procedure in cities and townships which adopt the municipal court system. The amendment expressly provides that "pending actions, trials, and all pending business of inferior courts within such city or city and county or township, upon the establishment of any such municipal court shall unless otherwise provided by law be transferred to and become pending in such municipal court, and all records of such inferior courts be transferred to and thereafter be and become records of such municipal court." [5] The legislature may relieve the municipal court of the duties with which it is charged by the Small Claims Court Act by establishing a court of inferior jurisdiction which it is authorized to create, and unless the municipal court is so relieved by the legislature it is required to finish all unfinished business pending in the court which it supplants and perform the duties that the law imposed upon the justice's court. There is nothing in the language of the constitutional amendment that would justify the conclusion that the municipal court is required only to complete the unfinished business of the justice's court or other inferior court which it was established to succeed and that it may refuse to perform the service that was a part of the duty of the court which it succeeded. [6] The legislature by providing the small claims court procedure

did not set up a separate, independent judicial tribunal to be presided over by a judge elected or appointed exclusively to perform the duties prescribed by the small claims court statute, but made it the duty of the several justices of the peace of the state to enforce its provisions. In other words, additional duties were imposed by statute upon the justices of the peace. The amendment provides that when a municipal court supplants a justice's court, the former court is clothed with the powers which said justice's court had over all matters of which the justice's or inferior court exercised jurisdiction, and it is further charged with the performance of every duty which the law imposed upon the court to whose power and jurisdiction it has become the successor, unless it is otherwise provided by law. Respondents rely largely in support of their contention upon the meaning of the clause of the amendment which provides that where a court is established in any city or in any city and county or township "there shall be no other court inferior to the superior court except as herein provided." This clause, in our view, was intended by the legislature to apply only to the establishment of distinct or independent judicial bodies constituted in the usual and ordinary manner in which courts are created.

Sections 927–927p of the Code of Civil Procedure, in defining the jurisdiction conferred by the statute adding said code sections, provides that "all justices of the peace shall exercise the jurisdiction conferred by this title and while sitting in the exercise of said jurisdiction shall be known and referred to as the small claims court." Thus it will be seen that a separate, formally constituted court was not created, but a certain procedure was merely adopted as to small demands, and the justices of the peace were required to conform to it in actions where the demand was fifty dollars or less. The justices' courts always had jurisdiction of the subject matter of the actions affected by the small claims court procedure. The practical effect of the statute was to lay additional burdens upon the justices of the peace as to matters of procedure. We think it apparent that it was not the intention of the legislature to establish a separate court of justice in the sense that courts are ordinarily constituted.

Section 26 of the act establishing municipal courts reflects the view of the legislature as to the meaning of the language of the amendment providing for the establishment of municipal courts. It reads: "Sec. 26. The municipal court and each judge thereof shall have and exercise all of the powers and shall do and perform all of the acts which were conferred upon, or required of, any police court, justice's court, police judge or justice of the peace, by law, whenever any such inferior court shall have been superseded by a municipal court and whenever any such police judge or justice of the peace shall become a judge of the municipal court by reason of any of the provisions of this act, and all such laws, not inconsistent herewith, are made applicable to any such municipal court and to each judge thereof." (Stats. 1925, p. 657.)

[7] This section makes it quite clear that the duties appended to justices' courts by the Small Claims Court Act are transferred to the municipal courts unchanged in any material respect. Section 27 is to the same effect.

[8] The procedure adopted by section 831e et seq. of the Code of Civil Procedure (Stats. 1925, p. 945) is inapplicable to small claims court matters and we think the procedure therein provided was not intended to abolish the small claims court procedure. To abolish the procedure would, in fact, be to abolish the court. There does not appear anywhere in the municipal court law an express or implied intention on the part of the law-making body to repeal or suspend the operation of the earlier statute establishing small claims courts, but, on the contrary, the continuation of said court seems to be contemplated. Without the procedure the court cannot exist. The application of the superior court procedure would entirely nullify the beneficent purpose of the court. From an examination of the entire subject it is reasonable to conclude that it was the intention of the legislature that the procedure which as a matter of fact creates the small claims court should continue in effect and apply uniformly throughout the state. Any other conclusion would manifestly lead to absurd results.

We are of the opinion that the amendment and statute before us are not susceptible of the construction placed upon them by respondents. Emphasis is laid upon the fact that

much of the time of the municipal court judges will be consumed by small claims litigation to the neglect of municipal court affairs. While this may be so, the legislature is authorized by the constitution to relieve a congested situation by the creation of inferior courts which may engage exclusively in the dispatch of small claims matters. The small claims court is a useful and important arm of our judicial system and we are not privileged to limit its operation.

Let the writ issue as prayed for in the petition.

Richards, J., Shenk, J., Curtis, J., Waste, C. J., and Preston, J., concurred.