[Civ. No. 5652.   Second Appellate District, Division One.—July 12, 1927.]

B. Q. BURGE et al., Petitioners, v. MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

Charles E. Salisbury for Petitioners.

Everett W. Mattoon, County Counsel, R. C. McAllaster, Deputy County Counsel, Harry O. Wackerbarth and Oliver P. Ensley for Respondents.

HOUSER, J.—Prohibition. Petitioners seek to prevent the respondent Municipal Court of the City of Los Angeles from proceeding further in an action pending in said court, in which action respondent Dietterich is the plaintiff and petitioners herein are the defendants.

Other than that the action was brought in the Municipal Court of the City of Los Angeles, in the county of Los Angeles, the facts material to this decision are that each of the defendants is a resident of the city of South Pasadena, in the county of Los Angeles, and that the amount involved in the action is the sum of eight hundred dollars.

As related to the constitution of the state of California, petitioners attack generally the constitutionality of the statute under which the action was brought (Stats. 1925, p. 648), and cite many authorities in support of their contention. In view of the fact, however, that since each of the cases to which the attention of this court is directed was decided, by appropriate amendments to the constitution of this state, the constitution was specifically amended for the very purpose of providing for the creation of municipal courts, and that the statute in question was enacted by the legislature pursuant to such constitutional authority, it becomes apparent that the authorities to which petitioners refer are inapplicable to the present situation and that the contention of petitioners in regard to the constitutionality of the statute cannot be sustained.

It is further urged by petitioners that no territorial jurisdiction exists in the Municipal Court of the City of Los Angeles outside the boundaries of said city of Los Angeles.

Section 11a of article VI of the constitution, among other things, provides that: "In any city and county and in any city which is governed under a charter framed and adopted under the authority of this Constitution containing a population of more than forty thousand inhabitants, . . . a municipal court may be established as in this article provided, anything in this Constitution to the contrary notwithstanding, . . . Municipal courts shall have original jurisdiction, . . . in all cases at law in which the demand, exclusive of interest, . . . amounts to one thousand dollars or less, . . . and in all criminal cases amounting to misdemeanor. . . . "

Said section also provides in part that: "The legislature shall provide by general law for the constitution, regulation, government and procedure of municipal courts, and for the jurisdiction thereof. . . . " And section 29 of the Municipal Court Act (Stats. 1925, p. 648) contains the following language: "Each municipal court shall have concurrent original jurisdiction with the superior court or the justices' courts of all such cases arising within the county in which such court is situated. . . . "

Section 5 of article VI of the constitution provides in part that "The process of any municipal court shall extend to all parts of the county in which the city is situated where such court is established, . . . "

Construing such constitutional provisions in the case entitled *In the Matter of the Application of Luna*, 201 Cal. 405 [257 Pac. 76], where the authorities are cited, it is held that the jurisdiction of the Municipal Court in misdemeanor cases extends to all parts of the county of Los Angeles. While some language may be found in other adjudications by the Supreme Court, notably in the case of *Bakkenson* v. *Superior Court*, 197 Cal. 504 [241 Pac. 874], which indicates that so far as the civil jurisdiction of Municipal Courts is concerned, it may be limited to the area defined by the boundaries of the municipal corporation, nevertheless from the reasoning in the Luna case we are constrained to hold that the principles there announced are directly applicable to the facts in the instant case. Considering the phraseology of the constitutional provisions to which reference has been had, it is clear that if the Municipal Court has jurisdiction over all misdemeanor cases arising in any part of Los

428

Angeles County, such court also has jurisdiction of the basic action in the instant .case, it being an action at law, in which the demand, exclusive of interest, amounts to less than one thousand dollars, and brought against a resident of the county of Los Angeles.

■ Petitioners also suggest that the constitutional provisions affecting the question are violative of article XIV of the constitution of the United States, in that they abridge the privileges or immunities of citizens of the United States, for the reason that the provisions of our constitution and the statute in question, each respectively providing for the optional creation of a Municipal Court in any city of the state having a population of more than forty thousand inhabitants, .do not act uniformly as to all citizens of the state and are not general in their operation. The case entitled *In re Brady*, 65 Cal. App. 345 [224 Pac. 252], is cited as an authority in the premises. It was there held in effect that a statute which provided for a session of the Superior Court solely in and for the county of Los Angeles in each city therein having a population of fifty thousand inhabitants was unconstitutional in that such statute was special and local; not uniform in its operation; that it conferred special privileges upon a class of citizens not granted to all citizens; and that a general law could have been made applicable in the premises. With the possible exception of the specifications that the provisions here under consideration are not uniform in their operation, but confer special privileges upon a class of citizens not granted to all citizens, it is apparent that none of such reasons is applicable to the facts in the instant case. No authority other than the Brady case, directly bearing upon the facts herein, is cited by petitioners to sustain their contention in this regard. ■ On the other hand, the classification of municipalities by population, with a view to legislation affecting benefits or evils to be corrected arising from congestion of population has long been recognized as proper within constitutional provisions of this state (sec. 11, art. I; sec. 21, art. I), which in effect are similar to that part of the constitutional provisions of the United States which are here invoked by petitioners.

In the case of *Martin* v. *Superior Court*, 194 Cal. 93 [227 Pac. 762], one of the questions involved was the va-

lidity of a statute by which the manner of the selection of trial jurors in counties and cities and counties having a population of ninety thousand inhabitants or over was sought to be regulated. It was there held that such statute was not violative of the one constitutional provision requiring that all laws of a general nature shall have a uniform operation (sec. 11, art. I), or of the other constitutional provision (sec. 21, art. I) which inhibits the granting of privileges or immunities to any citizen or class of citizens which upon the same terms shall not be granted to all citizens. It thus becomes apparent that, because of the similarity of the provision in the state constitution with the provision in the constitution of the United States with reference to privileges and immunities, the ruling in the case just cited is most persuasive, if not conclusive; from which it would follow that neither the statute nor the constitutional provision here in question is in conflict with the constitutional provision of the United States to which reference has been had.

Several reasons for the denial of the writ for which petitioners pray are assigned by respondents, but because of the authorities hereinbefore cited, it is considered unnecessary to devote further attention to the questions thus suggested.

A demurrer having been interposed to the petition herein, it is ordered that the demurrer be and it is sustained; further, that the alternative writ issued herein be and it is discharged, and that petitioners take nothing by this proceeding.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 8, 1927.