[Civ. No. 5733. Second Appellate District, Division One.—September 27, 1927.]

LEWIS E. BORDEN et al., Petitioners, v. CHARLES R. THOMAS et al., Respondents.

F. W. Shapleigh and Charles E. Salisbury for Petitioners.

Everett W. Mattoon, County Counsel, R. C. McAllaster, Deputy County Counsel, and W. H. Thomas for Respondents.

HOUSER, J.—As disclosed by the prayer of the petition herein, the purpose of petitioners is to prohibit the respondent Municipal Court from proceeding in an action therein pending in which respondent Yale is the plaintiff and the petitioners herein are the defendants. From the petition it also appears that each of such defendants is a resident of the city of Santa Monica, of the county of Los Angeles, in which said city is located a justice's court, and that the amount involved in such action is a sum less than three hundred dollars—of which amount, as well as of the subject matter of the action, the justice's court would have jurisdiction.

The ultimate point urged by petitioners is that the Municipal Court of the City of Los Angeles is without jurisdiction.

With one exception the identical points raised by petitioners herein were urged in the case of *Burge* v. *Municipal Court of the City of Los Angeles*, 84 Cal. App. 425 [258 Pac. 164], and therein adverse rulings were made as against

each of petitioners' several contentions, including that of the constitutionality of the act in question. Among other things, it is there held in substance that in an action arising in the county of Los Angeles, where the amount involved is no more than one thousand dollars, the Municipal Court of the City of Los Angeles has jurisdiction.

In the Burge case neither of the defendants was a resident of the city of Los Angeles; the action, as in the case at bar, was brought in the Municipal Court of the City of Los Angeles; and the amount involved therein was the sum of eight hundred dollars. The only fact in the instant case which would differentiate it from the Burge case is that the amount involved in the action upon which this proceeding is founded is less than three hundred dollars, and, consequently, that in ordinary circumstances the justice's court would be presumed to have jurisdiction thereof.

Section 5 of article VI of the constitution provides in part that "The process of any municipal court shall extend to all parts of the county in which the city is situated where such court is established."

Section 29 of the Municipal Court Act (Stats. 1925, p. 648) includes the following provisions: " . . . Each municipal court shall have exclusive original jurisdiction of all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to $1000.00 or less. . . . Each municipal court shall have concurrent original jurisdiction with the superior court or the justices' courts of all such cases arising within the county in which such court is situated . . . "

Assuming the correctness of the several rulings in the Burge case, it would follow from the constitutional provision and the language of the statute to which reference has been had that the Municipal Court of the City of Los Angeles has concurrent jurisdiction with the justice's court located within the city of Santa Monica, in the county of Los Angeles.

The writ should be discharged; it is so ordered.

Conrey, P. J., and York, J., concurred.