[L. A. No. 15301. In Bank.—October 10, 1935.]

GLORIA CAMBRA, Petitioner, v. THE JUSTICE'S COURT OF SANTA ANA TOWNSHIP, COUNTY OF ORANGE, et al., Respondents.

Forgy, Reinhaus & Forgy for Petitioner.

Head, Wellington & Jacobs and H. C. Cameron for Respondents.

WASTE, C. J.—Petitioner seeks a writ of mandate directing the respondent court and the justice thereof to receive and file a complaint in a civil action, and in other ways to entertain and exercise jurisdiction of the cause of action therein stated. The respondents refused to permit the complaint to be filed, and this application for a writ followed.

The question squarely presented is whether the Superior Court of Orange County or the Justice's Court of Santa Ana Township in that county, which is a "Class A justice's court", has jurisdiction of the subject-matter of the cause of action. Application for the writ was first made to the District Court of Appeal of the Fourth Appellate District, which court ordered a writ to issue as prayed for. However, be-

cause the members of the bar throughout the state have professed ignorance and uncertainty concerning the correct application of legislation enacted in 1933 for the express purpose of settling, among other questions, the exact issue now raised, this court, while of the view that the District Court of Appeal was correct, took over the cause for final consideration and decision. We are satisfied the District Court of Appeal properly decided the issue.

The only necessary facts to be stated are that in September, 1934, the petitioner was injured in an automobile collision in Huntington Beach Township, Orange County, wherein there is a "Class B justice's court". The petitioner prepared her complaint seeking $584 damages, and offered it for filing in the respondent Justice's Court of Santa Ana Township, which is a "Class A justice's court" in the same county. The respondents refused to accept it, and this proceeding resulted. The District Court of Appeal held that the amendments of various sections of the Code of Civil Procedure adopted in 1933 did away with territorial limits, in so far as the jurisdiction of the courts is concerned, within those counties in which class A justice's courts are established; that such legislation was enacted in keeping with the policy of taking away from the superior courts, and placing in the justice's and municipal courts, as much litigation as possible, and resulted in giving to class A justice's courts in counties wherein such a court (or courts) existed jurisdiction of any controversy involving up to $1,000 arising in the county, whether within the territorial limits of the township or not.

The history and analysis of the applicable code enactments, particularly when viewed in the light of the purpose for which they were adopted, seem to clearly support the conclusion of the District Court of Appeal. For a carefully prepared analysis of the sections, we commend consideration of the work of Professor W. B. Owens, of Stanford University, contained in his "Explanatory Statement of the Scope and Purpose of the 1933 Revision of the Code of Civil Procedure", originally prepared by him for consideration by the California code commission when the measures were in course of preparation for introduction in the legislature.

The purpose of the creation of municipal courts and justices' courts of class A was primarily to relieve the calendars of the superior courts in counties wherein such courts

are created. The establishment of a municipal court, or a justice's court of class A in a county affects only the previously existing jurisdiction of the superior court of the county "wherein such municipal court or justice's court is established". (Sec. 82, Code Civ. Proc.) The establishment of the justice's court of class A in Santa Ana Township with jurisdiction over demands, such as the claim for damages here involved, amounting to $1,000, ousted the Superior Court of Orange County of jurisdiction of the cause. The justice's court of class B in Huntington Beach Township, limited in this class of cases to demands of $300, cannot take jurisdiction. The superior court of the county, having been deprived of jurisdiction of such causes, the proper and only court for the trial of the cause now in the county is the justice's court of class A, established and functioning in Santa Ana Township, the respondent here.

Let a peremptory writ of mandate issue as prayed for.

Shenk, J., Seawell, J., Langdon, J., Thompson, J., Conrey, J., and Curtis, J., concurred.