[Crim. No. 603.   Fourth Appellate District.—October 11, 1940.]

THE PEOPLE, Respondent, v. LOUIS PALOMINO, Appellant.

N. D. Meyer for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

GRIFFIN, J.—Appellant Louis Palomino was charged in an information filed on April 12, 1940, by the district attorney of Orange county, with a misdemeanor under section 270 of the Penal Code, to-wit, nonsupport of an unborn illegitimate minor child, the maximum penalty for the offense being confinement for two years in the county jail or $1,000 fine.   A plea of not guilty was made and entered.   Trial by jury was had and a verdict of guilty as charged was returned. Motion for new trial was made and denied.   On August 5, 1940, the appellant was sentenced to be confined in the county jail for the period of one year.   Commitment was suspended provided he pay $15 per month for the support of the minor child.   Notice of appeal was taken from the order denying the motion for new trial and from the judgment.

The principal contention made by appellant is that the Superior Court of Orange County was without jurisdiction to try the appellant, the theory being that there was a

class A justice's court in the County of Orange and that said court had exclusive jurisdiction to try so-called high-grade misdemeanors, citing section 1425 of the Penal Code. There is no doubt that the Santa Ana Justice's Court is a class A justice's court (sec. 81, Code Civ. Proc.; *Cambra* v. *Justice's Court of Santa Ana Township*, 4 Cal. (2d) 445 [49 Pac. (2d) 1121].)

An uncertainty existed in the law as to the jurisdiction of the various courts in regard to certain so-called high-grade misdemeanors. Since perfecting the appeal in the instant case the Supreme Court on August 20, 1940, in the case of *People* v. *Mulholland,* reported in 16 Cal. (2d) 62 [104 Pac. (2d) 1045], has definitely held that article VI, section 5, of the Constitution vests the exclusive jurisdiction of all felonies in the superior courts, as well as all misdemeanors not otherwise provided for by the legislature, and the legislature may vest the jurisdiction of all misdemeanors in inferior courts established by the legislature within the county, the effect of which is to entirely deprive the superior courts of the jurisdiction of all misdemeanors within the county. It further held that where in section 1425 of the Penal Code it provides that a justice's court of class A shall have jurisdiction exclusive of that of any municipal court established in the county, in all criminal cases amounting to a misdemeanor only, and a justice's court of class A was established in the county in which the offense was committed and the offense was one within the subject-matter jurisdiction of said justice's court, the justice's court had exclusive jurisdiction of the offense to the exclusion of the superior court.

We are in accord with the statement of the attorney-general in reply to the appellant's contention, that the case of *People* v. *Mulholland, supra,* is controlling in the instant case and that the judgment and order cannot be affirmed for the reason that there was a class A justice's court in Santa Ana and therefore that court and not the Superior Court of Orange County had exclusive jurisdiction to try the appellant, and that the superior court in trying the appellant acted in excess of its jurisdiction.

The judgment and order are reversed.

Barnard, P. J., and Marks, J., concurred.