[L. A. No. 21398. In Bank. Aug. 31, 1951.]

MERCY VILLANAZUL et al., Appellants, v. CITY OF LOS ANGELES, Respondent.

[L. A. No. 21348. In Bank. Aug. 31, 1951.]

MERCY VILLANAZUL et al., Appellants, v. COUNTY OF LOS ANGELES, Respondent.

[L. A. No. 21425. In Bank. Aug. 31, 1951.]

MERCY VILLANAZUL et al., Appellants, v. STATE OF CALIFORNIA, Respondent.

Everett W. Leighton and Frank E. Carleton for Appellants.

Fred N. Howser and Edmund G. Brown, Attorneys General, Dan Kaufmann, Deputy Attorney General, Harold W. Kennedy, County Counsel, William E. Lamoreaux, Deputy County Counsel, Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams, John F. Feldmeier, Weldon L. Weber and Alan G. Campbell, Deputy City Attorneys, for Respondents.

EDMONDS, J.—In separate actions, Mercy Villanazul is suing the City of Los Angeles, the County of Los Angeles and the State of California to recover damages assertedly caused by the negligence of Muriel C. Gregg in the operation of an automobile. The complaints allege that, at the time of the accident, Gregg was a deputy marshal of the Municipal Court of the City of Los Angeles and acting within the scope and during the course of his employment. By general demurrer the city, the county and the state each disclaimed liability. The demurrers were sustained without leave to amend, and the consolidated appeal from the judgments entered upon these orders presents the sole question as to which political entity is liable for the negligence, if any, of Gregg at the time of the accident.

The essential characteristic of employment relationship is the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed. (*Industrial Indem. Exch.* v. *Industrial Acc. Com.*, 26 Cal.2d 130, 135 [156 P.2d 926].) Existence of the right is often tested by determining whether, if instructions were given, they would have to be obeyed. (*Riskin* v. *Industrial Acc. Com.*, 23 Cal.2d 248, 253 [144 P.2d 16].) The right to terminate the service at any time is a strong circumstance tending to show the right to control. (*Press Pub. Co.* v. *Industrial Acc. Com.*, 190 Cal. 114, 121 [210 P. 820].)

In the present case, the city contends that the state had the essential power of control because the Legislature created the office or position of deputy marshal and prescribed the

duties and salary thereof. (2 Deering's Gen. Laws, Act 5238, §§ 7b, 25a.) Attention is directed to the constitutional amendment authorizing the establishment of the municipal court which provides that, ''The manner in which, the time at which, the term for which the judges, clerks and other attaches of municipal courts shall be elected or appointed, the number and qualifications of said judges and of the clerks and other attaches . . . shall be prescribed by the Legislature.'' (Art. VI, § 11.)

The county and state argue that the city has the power of authoritative control. They rely upon the provisions of the Municipal Court Act of 1925 (2 Deering's Gen. Laws, Act 5238) under which a deputy marshal is appointed by and may be discharged by the marshal, an appointee of the judges of the court, who in turn are elected by the voters of the city. A deputy of the marshal of the Municipal Court of Los Angeles is appointed from an eligibility list of the city civil service commission. If discharged, the officer may claim the benefit of any rules for a hearing or an appeal that may be provided by the city charter for civil service employees. But under these provisions, neither one of the three governmental or political entities, as such, directly or immediately had the right to supervise the conduct of Gregg or control and direct the manner in which his duties were to be performed. That power was vested in the municipal court.

██ It must be conceded at the outset that a municipal court is a part of the judicial system of the state, and the constitution or control of such courts, except only the question as to whether one shall be established in a given locality, is a state rather than a municipal affair. (*Wilson* v. *Walters*, 19 Cal.2d 111, 119 [119 P.2d 340].) It does not follow, however, that a municipal court is an agency of state government, as distinguished from county or city government, in the sense that a deputy marshal is a state employee. ██ Justices' courts and police or city courts are part of the judicial system of the state (Const., art. VI, § 1; *People* v. *Foutz,* 27 Cal.2d 1 [162 P.2d 1] ; *Elder* v. *McDougald,* 145 Cal. 740 [79 P. 429] ; *People* v. *Cobb,* 133 Cal. 74 [65 P. 325]), yet their local character is recognized and their attachés are either county or city officers and employees. (*Graham* v. *Mayor etc. of Fresno,* 151 Cal. 465 [91 P. 147] ; *Elder* v. *McDougald,* supra; *People* v. *Cobb, supra; McClung* v. *Johnson,* 106 Cal. App. 264 [289 P. 199] ; *cf. Nicholl* v. *Koster,* 157 Cal. 416

[108 P. 302].) As stated in the Cobb case, "It does not follow . . . , from the peculiar nature of their offices, that justices of the peace or other judicial officers do not constitute a part of county or city government." (133 Cal. at p. 77.)

The fact that the Legislature created the office of deputy marshal and prescribed the duties and salary of the position does not fix the status of such a person as a state, rather than a county or city employee. The Legislature creates many and varied offices or positions of local government, with specified duties and salaries. (See Const., art. XI, § 5.)

The clerk of a city justice's court comes within this category but is an officer of the county government. (*Mc-Clung* v. *Johnson, supra*.)

The constitutional and statutory provisions authorizing and governing municipal courts, considered in connection with the purpose and effect of the establishment of such courts, lead to the conclusion that they have been impressed with a local character. To some extent, that character is dual. In some respects, a municipal court has the nature of a county court and, in others, of a city court. (*Cf. People* v. *Cobb, supra; People* v. *Sands,* 102 Cal. 12 [36 P. 404].) It may be established in a chartered city, or a city and county, containing a population of more than 40,000. (Const., art. VI, § 11.) Whenever such a court is established, it supersedes both the justice's court maintained by the county, and the police court provided by the city which formerly served the area. The municipal court is required to perform the services that were part of the duty of the courts which it succeeded (*Hughes* v. *Municipal Court,* 200 Cal. 215 [252 P. 575]) and to exercise an enlarged jurisdiction.

Generally speaking, the municipal court's jurisdiction extends throughout the county. (*In re Application of Luna,* 201 Cal. 405 [257 P. 76]; *Borden* v. *Thomas,* 85 Cal.App. 646 [259 P. 1008]; *Burge* v. *Municipal Court,* 84 Cal.App. 425 [258 P. 164]), and in a certain class of cases that jurisdiction is exclusive. (*Norton* v. *Baranov,* 4 Cal.2d 443 [50 P.2d 67]; *In re Application of Luna, supra;* see *Hopkins* v. *Anderson,* 218 Cal. 62, 66 [21 P.2d 560].) The primary purpose in creating municipal courts was to relieve the congestion in the superior court. (*In re Application of Luna, supra,* p. 412; *Cambra* v. *Justice's Court,* 4 Cal.2d 445, 446 [49 P.2d 1121].)

They are courts of record (Const., art. VI, § 12), and

their process, like that of justices' courts, extends throughout the state. (Code Civ. Proc., § 84; Gov. Code, § 26665.)

The county in which a municipal court is established is charged with the cost of maintenance. It is required to pay the salaries of the judges, officers and attachés, including deputy marshals, and must provide quarters, supplies and equipment for the court. (2 Deering's Gen. Laws, Act 5238, § 22.) Fines and forfeitures collected by a municipal court are deposited with the county treasurer and thereafter divided between the county and city. (Pen. Code, § 1463; 2 Deering's Gen. Laws, Act 5238, § 22.) Fees received are paid into the county treasury in the same manner as those collected by salaried county and township officers. (Pol. Code, § 4300-1.)

In various other respects, the law places municipal court officers and attachés, and specifically the marshal, in the same category as recognized county officers and employees. Marshals are required to attend the municipal courts, and "within their counties" must execute, serve and return all writs, processes and notices directed or delivered to them by municipal courts or other competent authority. (2 Deering's Gen. Laws, Act 5238, § 25a.) Their powers, duties and liabilities are generally conferred or defined by reference to laws governing sheriffs (ibid.; Code Civ. Proc., § 88), and they are required to collect for their services the fees allowed by law to sheriffs and constables. (2 Deering's Gen. Laws, Act 5238, § 25.5.) The municipal court or judge is represented by the district attorney if the court or judge is a party defendant in an action. (Gov. Code, § 26524.) Clerks and other attachés usually are members of the county retirement system although marshals are entitled to participate in the county and township peace officers' retirement or pension system and are deemed to be county employees for that purpose. (2 Deering's Gen. Laws, Act 5238, § 7½; Gov. Code, § 31555.)

In comparison with these functions, the city aspects of municipal courts are extremely limited and insignificant. It is true that a municipal court may be established in a city only with the consent of the electors thereof, expressed by charter provision or popular vote. (2 Deering's Gen. Laws, Act 5238, §§ 1-3; see Bancroft-Whitney Co. v. Payne, 197 Cal. 551 [241 P. 551].) But the character of a municipal court is not affected nor is its nature determined in any way by the requirement that the city must assent to its establishment. The fundamental basis of the court, as fixed by the Constitution and statutes, indicates that essentially it is a

creature of the county. If the voters of the city elect to establish such a court, they must accept it as thus constituted. (*Chambers* v. *Terry*, 40 Cal.App.2d 153, 158 [104 P.2d 663].)

The fact that the judges are elected by a city's voters is not controlling in determining the court's status (*Graham* v. *Mayor etc. of Fresno*, 151 Cal. 465, 473 [91 P. 147]; *cf. Ward* v. *San Diego School Dist.*, 203 Cal. 712, 714 [265 P. 821]), or that of its employees. (*Cf. Nicholl* v. *Koster*, *supra*, at p. 423.) The relation of the city to the operation of the municipal court through its civil service commission is remote. The Municipal Court Act of 1925 (*ibid.*) provides that the appointments of attachés must be made from an eligibility list certified by the city civil service commission, but only if the city has such a commission and list. In cities having no civil service commission, the appointments are subject to confirmation by the judges. In the absence of an eligibility list, temporary appointments may be made, which become permanent if no list is certified within six months.

In conferring authority to discharge, the statute provides that the attachés shall be entitled to the benefits of the civil service provisions of the charter of the city in which the court is situated or of the rules of the civil service commission having jurisdiction of such person. These provisions do not give the city civil service commission the right to employ or discharge a deputy marshal. The "power to initiate the basic and effective action" in this regard is vested in the marshal or the court. (*Cf. Fernelius* v. *Pierce*, 22 Cal.2d 226, 241 [138 P.2d 12].)

Insofar as *County of Los Angeles* v. *Industrial Acc. Com.*, 123 Cal.App. 12 [11 P.2d 434], is in conflict with the views expressed herein, it is disapproved. That case involved the question of liability under the Workmen's Compensation Act, and the decision that a deputy marshal is an employee of the city wherein the court is situated was based on the unfounded conclusion that the city had the right to employ, control and discharge such a deputy.

There is nothing in *Simpson* v. *Payne*, 79 Cal.App. 780 [251 P. 324], or *Slavich* v. *Walsh*, 82 Cal.App.2d 228 [186 P.2d 35], which is inconsistent with the conclusion that the county is liable for damages resulting from the negligent operation of a motor vehicle by a deputy marshal. They hold only that the Legislature, rather than the county board of supervisors, has the power to fix the salaries of municipal

court clerks. Those decisions were based upon the language of the Constitution conferring such power on the Legislature and not upon a determination of the status of such attachés as state, county or city employees. The statement in the Slavich case that the clerks of the Municipal Court of the City and County of San Francisco are "municipal employees" was a recognition of their status as employees of local government rather than a determination that they are city, as distinguished from county, employees.

The city asserts that the determination of the present appeals will have a far-reaching effect upon the jurisdiction and administration of municipal courts under the recently adopted plan for the reorganization of the lower courts in this state. Of necessity, the decision is based upon the constitutional and statutory provisions governing municipal courts prior to the adoption of the amendment of article VI, section 11, of the Constitution, approved by the voters in 1950. Nevertheless, it may appropriately be pointed out that, under the constitutional amendment adopted in 1950 and supplemental legislation by which the municipal courts are to be reorganized, the county character of such courts is further emphasized. The establishment of a municipal court no longer will be optional with the voters of the city. The judges will be elected by the voters of county subdivisions or judicial districts, the boundaries of which may or may not coincide with city limits, and the county civil service commissions will perform the functions presently performed by city commissions in connection with municipal court attachés.

The judgments in favor of the state and the city of Los Angeles are affirmed. The judgment in favor of the county of Los Angeles is reversed with directions to allow the defendant to answer within a reasonable time.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.