[Civ. No. 20596.   First Dist., Div. One.   June 11, 1962.]

FREDERICK COLLINS FERMIN, Plaintiff and Appellant,
v. THE MUNICIPAL COURT FOR THE OAKLAND-
PIEDMONT JUDICIAL DISTRICT, Defendant and
Respondent.

Frederick Collins Fermin, in pro. per., for Plaintiff and
Appellant.

Stanley Mosk, Attorney General, Robert L. Bergman,
Deputy Attorney General, J. F. Coakley, District Attorney
(Alameda), and Richard H. Klippert, Deputy District At-
torney, for Defendant and Respondent.

BRAY, P. J.—Petitioner appeals from an order of the San
Francisco Superior Court denying his petition for writ of
mandate. Petitioner appeared in that court, and appears here,
in propria persona.[1]

---

[1]As a part of the record he includes letters of several attorneys who
have declined to represent him.

The petition is directed against "Municipal Court, Department #3, Oakland, California." Service was purported to have been made on the municipal court by serving the clerk of that court. The Attorney General of California was also served. Although contending that the state had not been sued in this action, nevertheless the Attorney General filed a demurrer on its behalf, specifying general grounds and also that if any cause of action existed against the state it was barred by section 644, Government Code. On the hearing of this demurrer, the court denied the petition. It is from this order that the appeal is taken.[2]

As nearly as can be made out from a lengthy and confusing petition, petitioner claims that he is a resident of Nevada and that on September 3, 1959, he received from an Oakland police officer a traffic citation for not having a valid California driver's license; that the officer refused to recognize his Nevada driver's license; that on showing "the Clerk of the City Hall, Oakland," a valid California driver's license the traffic citation was dismissed. Thereafter, on September 10, 1959, he was arrested pursuant to a warrant issued from defendant municipal court, for violation of former section 332, California Vehicle Code (driving while license suspended), and confined five days in the Oakland city jail. On January 11, 1960, a jury found him not guilty. On May 23, 1960, he filed with the State Board of Control a claim for damages for false arrest. This claim was rejected September 16, 1960. The prayer of the petition is for judgment against defendant municipal court "under the Legal Written Law" for $200,000 damages to plaintiff's "mental health."

█▌█ It clearly appears that the State of California is not a party to the action. Obviously, as the traffic citation of which petitioner complains was issued by an Oakland police officer and the warrant of which he complains was issued by the Oakland Municipal Court, no cause for mandate or for damages is stated against the State of California.

█ Section 26524, Government Code, providing for rep-

---

[2]The record fails to disclose any appearance by defendant municipal court, or action by the superior court concerning the municipal court. A letter from the District Attorney of Alameda County states that he appeared specially on behalf of the municipal court at the hearing of the petition, and objected to the jurisdiction of the superior court on the ground that the defendant municipal court had not properly been served; that the matter was argued and that the court ruled that said defendant had not been properly served. No record of this action of the court, nor any appeal therefrom, is before us.

resentation of the municipal court by the district attorney, and *Villanazul* v. *City of Los Angeles*, 37 Cal.2d 718, 724 [235 P.2d 16], holding "The county in which a municipal court is established is charged with the cost of maintenance . . ." and setting forth the various statutes requiring the county to pay the salaries of its judges', officers', and attachés' costs of quarters, supplies and equipment, and providing that its collections from fines, fees and forfeitures are to be paid into the treasury, clearly demonstrates that the state is in nowise liable for the acts of a municipal court in issuing a criminal warrant.

The trial court properly denied the petition as to the state.

It is interesting to note that at the hearing the court's attention was called to another action pending in the Alameda County Superior Court brought by petitioner against the People of the State of California, apparently arising out of the same facts as in this case. Also in the discussion between the court and petitioner the court said, "Well, now, what is your prime purpose, is it that you want to educate Officer Smith [the officer who caused petitioner's arrest], is that it? MR. FERMIN: Yes, sir, and if the Court feels that it should award me any damages. . . ." The court later said, "You just want to tell him [the officer] your side of the case, and hope that he won't do that again to anyone in your similar situation. I think that is your prime objective, isn't it? MR. FERMIN: Yes."

Order affirmed.

Tobriner, J., and Sullivan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 8, 1962. Tobriner, J., did not participate therein.