TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 91-303 |
| of | : | |
| | : | OCTOBER 8, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |
| | : | |

THE HONORABLE L. B. ELAM, COUNTY COUNSEL, COUNTY OF SACRAMENTO, has requested an opinion on the following questions:

1. Do judges and commissioners of the municipal court qualify as "state" officers or employees entitled to additional compensation benefits for service on active duty during the Iraq-Kuwait crisis as members of the California National Guard or a United States Military Reserve organization?

2. If so, what is the amount of the additional compensation benefits provided to the judges and commissioners of the municipal court?

3. What public agency is obligated to pay the additional compensation benefits to the judges and commissioners of the municipal court?

CONCLUSIONS

1. Judges and commissioners of the municipal court qualify as "state" officers or employees entitled to additional compensation benefits for serving on active duty during the Iraq-Kuwait crisis as members of the California National Guard or a United States Military Reserve organization.

2. The amount of the additional compensation benefits provided to the judges and commissioners of the municipal court is the difference between the amount of the military pay and allowances and the amount which would have been received as a judge or commissioner of the municipal court, including merit raises and benefits that generally would otherwise have been received, commencing on the first calendar day of military leave, except for those who have been in the public service for a period of not less than one year, in which event the additional benefits commence on the thirty-first calendar day of military leave, and extend in either event for a maximum of 180 calendar days of active duty.

1.                                                                              91-303

3.  The State of California is obligated to pay the additional compensation benefits provided to the judges and commissioners of the municipal court.

ANALYSIS

In response to the mobilization of forces in connection with the Iraq-Kuwait conflict, the Legislature recently enacted (Stats. 1990, ch. 988) and amended (Stats. 1991, ch. 138) Military and Veterans Code section 395.07[1] to now provide in part as follows:

"(a) In addition to the benefits provided pursuant to Sections 395.01 and 395.02, any officer or employee of the legislative, executive, or judicial department of the state, who, as a member of the California National Guard or a United States Military Reserve organization, is called into active duty as a result of the Iraq-Kuwait crisis on or after August 2, 1990, shall have the benefits provided for in subdivision (b).

"(b)   Any officer or employee to which subdivision (a) applies, while on active duty, shall, with respect to active duty served on or after August 2, 1990, receive from the state, for a period not to exceed 180 calendar days, as part of his or her compensation, both of the following:

(1)   The difference between the amount of his or her military pay and allowances and the amount the officer or employee would have received as a state officer or employee, including any merit raises which would otherwise have been granted during the time the individual was on active duty.

"(2)  All benefits which he or she would have received had he or she not been called to active duty unless the benefits are prohibited or limited by vendor contracts."[2]

We are asked to determine (1) whether section 395.07 applies to judges and commissioners of the municipal court, and if so, (2) the amount of the compensation benefits and (3) the agency responsible for their payment.

1.     State Officers and Employees

The first question presented for resolution concerns whether municipal court judges and commissioners are "state" officers or employees for purposes of section 395.07.  The issue arises because "officers and attaches of the municipal court may be considered for many purposes as employees of the county."  (67 Ops.Cal.Atty.Gen. 519, 522 (1984); see *Villanazul* v. *City of Los Angeles* (1951) 37 Cal.2d 718; *Martin* v. *County of Contra Costa* (1970) 8 Cal.App.3d 856; *Gutierrez v. Municipal Court* (9th Cir. 1988) 838 F.2d 1031; 68 Ops.Cal.Atty.Gen. 127 (1985); 64 Ops.Cal.Atty.Gen. 261 (1981); 56 Ops.Cal.Atty.Gen. 320 (1973); 56 Ops.Cal.Atty.Gen. 41 (1973). What is their status under the terms and for the purposes of section 395.07?

---

[1] All section references are to the Military and Veterans Code unless otherwise specified.

[2] Under sections 395.01 and 395.02, public employees receive their full salaries for the first 30 days of active duty when granted military leaves of absence, if they have been employed a minimum of one year.  Government Code sections 19775 and 19775.1 provide similar benefits for state employees who are members of the state civil service system.

Municipal courts are established under the Constitution as an integral component of the independent and coordinate branch of state government through which the judicial power of the state is exercised. (Cal. Const., art. VI, § 5; *Sacramento & San Juaquin Drainage Dist. v. Superior Court* (1925) 196 Cal. 414, 432; 67 Ops.Cal.Atty.Gen. 519, *supra,* 521; 56 Ops.Cal.Atty.Gen. 320, *supra*, 321.) The workings, procedures, powers, and general constitution of municipal courts are state rather than municipal or local affairs. (*County of Sonoma v. Workers' Comp. App. Bd.* (1990) 222 Cal.App.3d 1133, 1137; 67 Ops.Cal.Atty.Gen. 519, *supra,* 521; 64 Ops.Cal.Atty.Gen. 261, 270 (1981).)

It is clear that the Constitution and statutes reserve to the state alone the direction and control over municipal court judges. Specifically, municipal courts are organized and their jurisdiction prescribed by the Legislature. (Cal. Const., art. VI, § 5.) A municipal court judge may be suspended, censured, removed, or retired by the Supreme Court, acting on recommendation of the Commission on Judicial Performance. (Cal. Const., art. VI, § 18.) Rules governing the practice, procedure, and administration of municipal courts are promulgated by the Judicial Council. (Cal. Const., art. VI, § 6.) Vacancies in the office of municipal court judge are filled by the appointment of the governor. (Gov. Code, § 71180.) Judges of municipal courts are subject to impeachment by the Assembly and trial by the Senate. (Cal. Const., art. IV, § 18; 74 Ops.Cal.Atty.Gen. 111 (1991).) Retirement benefits for municipal court judges are provided by the Legislature. (Cal. Const., art. § VI, § 20; Gov. Code, § 68202, subd. (b).)

Although the salaries of municipal court judges, officers, and employees are paid by the county (Gov. Code, § 71220; 56 Ops.Cal.Atty.Gen. 320, *supra*, 321-322), the amount of compensation is prescribed by the Legislature (Cal. Const., art. VI, §§ 5, 19; Gov. Code, §§ 68202, 72000; 67 Ops.Cal.Atty.Gen. 519, *supra*, 521; 56 Ops.Cal.Atty.Gen. 320, *supra*, 321). Indeed, the funding of trial courts has been significantly altered by the recent enactment of the Brown-Presley Trial Court Funding Act, providing a block grant state funding program. (Gov. Code, § 77000, et seq.) This program, which is optional with each county (Gov. Code, § 77301),[3] attenuates even further the employment relationship between municipal court personnel and county government. (*County of Sonoma v. Workers' Comp. App. Bd., supra,* 222 Cal.App.3d at 1142-1143, fn. 5.)

In 74 Ops.Cal.Atty.Gen. 111, *supra*, 113-114, we based our determination that judges of municipal courts are subject to impeachment by the Assembly and trial by the Senate upon the premise that such officers are "judges of state courts" within the purview of section 18 of article IV of the Constitution. In 64 Ops.Cal.Atty.Gen. 261, *supra*, 270, we determined that section 6 of article XIIIB of the Constitution ["Whenever . . . any state agency mandates a new program or higher level of service . . ."] applied to the cost of judicial arbitration pursuant to municipal court rule:

"As to the first point, we conclude that a local court rule which mandates arbitration costs on a county would be the rule of `any state agency' within the meaning of Article XIIIB. . . . Although court personnel may be considered employees of local government for various purposes (see, e.g., *Martin v. County of Contra Costa* (1970) 8 Cal.App.3d 856) it can hardly be said that the courts, whether they be superior, municipal or justice courts, are part of local government. Accepting the purpose of article XIIIB, section 6, to preserve the financial integrity of local governments such as counties, we accordingly believe that when the Legislature elects to give the courts the power to impose *new* costs for *new* programs

---

[3]We are apprised that all 58 counties have elected to participate in the trial court block grant funding.

upon counties, the action of the court in doing so should be viewed as the action of a state agency implementing state law."

We are not persuaded to the contrary by the Supreme Court's decision in *Villanazul v. City of Los Angeles*, *supra*, 37 Cal.2d 718. First, that case simply did not concern the status of a municipal court judge. The court held that counties may have to respond to actions in tort brought against deputy marshals employed by municipal courts. Moreover, the case was decided under the Constitution and statutes then in existence, which have been significantly revised to clarify the authority of the state over municipal and justice courts. (*County of Sonoma v. Workers' Comp. App. Bd., supra,* 222 Cal.App.3d at 1141-1142; *County of Madera v. Superior Court* (1974) 39 Cal.App.3d 665, 669.)

While section 395.07 clearly applies to judges (cf. *People ex rel. Happell v. Sischo* (1943) 23 Cal.2d 478, 484-486), we are similarly persuaded that it applies to other officers and employees of the court, including commissioners. Again, section 395.07 expressly includes "any officer or employee of the . . . judicial department of the state." This language precludes any dichotomy, as drawn by the *Villanazul* court, between judges and other officers of the court. Whether a commissioner is an employee of the court, the county, or the state for various other purposes is immaterial; he or she is an "officer . . . of the . . . judicial department of the state."

In this regard, we note that section 22 of article VI of the Constitution authorizes the Legislature to "provide for the appointment by trial courts of record of *officers such as commissioners* to perform subordinate judicial duties." (Emphasis added.)[4] Pursuant to this authority, Government Code section 72190 was enacted to provide in part as follows:

"Within the jurisdiction of the court and under the direction of the judges, commissioners of municipal courts or justice courts shall exercise all the powers and perform all of the duties authorized by law to be performed by commissioners of superior courts and such additional powers and duties as may be prescribed by law. At the direction of the judges, commissioners may have the same jurisdiction and exercise the same powers and duties as the judges of the court with respect to any infraction or small claims action. The commissioners of municipal courts or justice courts shall possess the same qualifications the law requires of a judge and shall hold office during the pleasure of the court appointing them and shall not engage in the private practice of law. They shall be ex officio deputy clerks."

Commissioners, subject to the supervision of the court, take proof and make and report findings as to any matter of fact upon which information is required by the court, take and approve bonds and undertakings, administer oaths and affirmations, take affidavits, depositions, and acknowledgments and proof of deeds and other instruments, act as temporary judges when so qualified and appointed, and hear, report on, and determine uncontested sections and proceedings. (Code Civ. Proc., § 259.) In addition, a municipal court commissioner may conduct arraignment proceedings, if so directed, including the issuance and signing of bench warrants. (Gov. Code, § 72190.1.)

In answer to the first question, therefore, we conclude that judges and commissioners of the municipal court qualify as "state" officer or employees entitled to additional compensation benefits for serving on active duty during the Iraq-Kuwait crisis as members of the California National Guard or a United States Military Reserve organization.

---

[4]Municipal courts are trial courts of record. (Cal. Const., art. VI, § 1.)

2.    Amount of Additional Compensation

We next consider the amount of the additional compensation benefits. Section 395.07 provides that in addition to the benefits provided under sections 395.01 and 395.02, the officer or employee is to receive, for a period not to exceed 180 calendar days, the difference between the amount of his or her military pay and allowances and the amount that would have been received, including merit raises, "as a state officer or employee," plus all benefits that generally would have been received if not called to active duty.[5]

Sections 395.01 and 395.02 provide that any public employee who has been in the public service for a period of not less than one year immediately prior to the military leave is entitled to receive his or her regular salary for the first 30 calendar days of the absence. (*Peters v. State of California* (1987) 188 Cal.App.3d 1421.)  Section 395.07 thus would not provide any additional benefits for the first 30 days of leave.

Section 395.07, however, does not contain the condition of prior public employment for one full year.  Consequently, for those who satisfy the condition, the additional benefits commence upon the thirty-first calendar day; for those who have not been employed for a full year, the additional benefits commence upon the first day of absence.[6]  The length of the additional compensation benefits is a maximum of 180 calendar days of active duty.

3.    Public Entity Responsible for Payment

We must finally identify the public agency responsible for the payment of the additional compensation benefits.  Subdivision (b) of section 395.07 provides that an employee to whom the section applies "shall . . . receive from the state" the additional benefits.  We find no basis for interpreting this unequivocal phrase.  "`If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.'" (*Schmidt* v. *Superior Court* (1987) 43 Cal.3d 1060, 1066.)  "When the language is clear and unambiguous, there is no need for construction. [Citations.]" *People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008.) We have examined the legislative history of section 395.07 and find nothing inconsistent with the statute's plain wording.  Accordingly, we conclude that under section 395.07 the agency responsible for payment of the additional compensation benefits is the State of California.

* * * * *

---

[5]Payment of the latter benefits is authorized "unless the benefits are prohibited or limited by vendor contracts." (§ 395.07, subd. (b)(2).)

[6]We believe that the designated period begins in either case upon the first day of leave.