HAINES, P. J.
 

 The plaintiff and respondent sues in three counts as assignee of J. C. Austin, alleging that the defendants and appellants are husband and wife. The first count of the complaint alleges a balance due from defendants on an open book account for dental services incurred within the four years next prior to the filing of the complaint on May 17, 1937, in the sum of $30. The second count alleges an indebtedness by defendants in a like sum of $30 on an account alleged to have been stated on or about June 1, 1935, based on an account of more than one item, the date of the last item having been May 17, 1935. The third count is upon a promissory note of date May 17, 1935, given by Phylip Hume alone for $30 and interest. The defendants answered separately. The effect of the answer o f Phylip Hume is to deny that Mary B. Hume, whom he admits to be his wife, was in any way connected with the transactions involved, to deny the assignment to the plaintiff and respondent, and, as to the first count of the complaint, to admit the incurring of the debt but to allege payment, to deny the account stated alleged in the second count of the complaint and allege the giving of a note by himself alone for the debt; and, as to the third cause of action, to admit the giving by himself alone the $30 note. The effect of the answer of Mary B. Hume
 
 *Supp. 749
 
 is to deny generally the allegations of the complaint except that she is the wife of the said Phylip Hume. The defendants, having failed to appear at the trial, judgment was given by the municipal court against both of them for $30 and interest from May 17, 1937, with costs.
 

 Both defendants have appealed from the judgment and both have also appealed from an order denying their motion to release from attachment and execution a certain Studebaker automobile.
 

 It is claimed on behalf of defendants and appellants that the judgment against Mary B. Hume cannot be sustained for the reason,
 
 inter alia,
 
 that the giving of the note set up in the third count of the complaint amounted to a novation and superseded prior transactions and that since she was not a party to the note she cannot be holden. Unfortunately for defendants and appellants, they did not appear at the trial or make objections at that time to any evidence that may have been produced and, moreover, have failed to have settled or present here any statement on appeal, so that we are, in considering their appeal from the judgment, confined to an inspection of the judgment roll. We cannot, from that alone, say that the judgment was necessarily based on the third count of the complaint, nor does the mere fact that interest was allowed demonstrate that such was the case.
 
 Non constat
 
 but that the judgment was awarded on the second count of the complaint which ran against both defendants and will support an award of interest. We are of the opinion that, in the circumstances, error has not been made to appear and that the judgment must-be affirmed.
 

 There is no dispute that the indebtedness here involved was incurred prior to September 15, 1935, the effective date of the enactment of section 690.24, Code of Civil Procedure, exempting from execution or attachment one motor vehicle of a value not exceeding one hundred dollars. No specific lien, however, having existed in plaintiff’s favor upon the automobile here involved prior to the attachment in this case, it is contended on behalf of defendants and appellants, that the mere circumstance that the debt was incurred before the statute was so amended as to specifically exempt such motor vehicles, furnishes no reason why the exemption may not, without violence to constitutional limitations, be applied in this case. If the question were a new
 
 *Supp. 750
 
 one we would feel that there were considerable force in appellant’s argument, but the tendency of the Supreme Court of the United States has been to discountenance as violating article 1, section 10, of the federal Constitution, any extension of an exemption statute substantially affecting the right of a preexisting creditor to obtain satisfaction of his debt.
 
 (Gunn
 
 v.
 
 Barry,
 
 15 Wall. 610 [21 L. Ed. 212]
 
 ; Edwards
 
 v.
 
 Kearzey,
 
 96 U. S. 595 [24 L. Ed. 793];
 
 Worthen Co.
 
 v.
 
 Thomas,
 
 292 U. S. 426 [54 Sup. Ct. 816, 78 L. Ed. 1344, 93 A. L. R 173].) In some of these cases, indeed, specific liens did exist in favor of the plaintiff before the legislation complained of was enacted, so that the decisions are in point only for their more general reasoning, but in
 
 Edwards
 
 v.
 
 Kearzey, supra,
 
 there was not such specific lien, just as there was not in the case at bar. It might still be arguable that the statutory amendment here involved did not have anj' such substantial effect, but the contrary has been expressly held by the Appellate Department of the Superior Court of Los Angeles County in
 
 Medical Finance Co.
 
 v.
 
 Wood,
 
 20 Cal. App. (2d) (Supp.) 749 [63 Pac. (2d) 1219], in which
 
 The Queen,
 
 93 Fed. 834, 837, was relied on as holding that the small amount of the exemption did not prevent its being an impairment of the creditor’s rights, and the same view was taken in an elaborate opinion by the United States District Court for the Southern District of California in
 
 In re Fox,
 
 16 Fed. Supp. 320. Both
 
 Medical Finance Co.
 
 v.
 
 Wood, supra,
 
 and
 
 In re Fox, supra,
 
 expressly involved' the question of the retroactive application of section 690.24, Code of Civil Procedure.
 

 Appellants further contend that section 690.24 ought not to be construed as an amendment at all, but rather as a legislative interpretation of the true force and effect of the previously existing exemption of means of transportation embodied in the former section 690, subdivision 6, Code of Civil Procedure. Not only, however, would that be seriously to strain any permissible construction of the statute as it formerly stood, but it is a construction by necessary implication foreclosed in
 
 Medical Finance Assn.
 
 v.
 
 Wood, supra,
 
 and
 
 In re Fox, supra.
 
 While neither of these decisions is technically binding upon us, they are persuasive of the tendency of the courts in construing section 690.24 and on the principle
 
 *Supp. 751
 
 of
 
 stare decisis,
 
 we do not see our way clear to depart from them.
 

 The judgment and order appealed from are both affirmed.
 

 Griffin, J., and Harden, J., concurred.