SCHAUER, J.
This is an appeal by the plaintiff from an order dismissing the complaint (for violation of section 505 of the State Vehicle Code, i. e., “reckless driving”) without a trial of the action. As shown by the Engrossed Statement on Appeal, the order was made on the ground “that the Court had no jurisdiction to try the ease, in that it appeared that the complaint had been filed by the clerk [of the court] . . . upon the instruction of the . . . Judge presiding . . . after a request had been made to said Judge for a complaint by the complaining witness . . . and upon the further ground that said Judge had no authority under the law to issue said complaint, the right to issue the complaint being solely vested in the City Attorney of the City of Los Angeles”. It is to be noted that the city attorney claims no such monopoly of power and himself prosecutes this appeal on behalf of the plaintiff. The order must be reversed.
We find nothing in the Constitution or in other law which limits the jurisdiction of the municipal court in misdemeanor cases to those which have been instituted by a complaint prepared or “issued” by the city attorney. A criminal (misdemeanor) action in a municipal court is commenced by filing a verified complaint with the court within one year after the commission of the offense (secs. 1426, 1426a, 1461a, Pen. Code); if the judge is satisfied from a perusal of the complaint, that the offense complained of has been committed by the defendant, he must issue a warrant of arrest (sec. 1427, Pen. Code). The determination of the sufficiency of the complaint, the issuance of a warrant of arrest, the conduct of the proceeding and the ultimate disposition of the case are matters resting with the court rather than the city attorney.
A person may be arrested without a warrant, under certain circumstances, by either a peace officer (sec. 836, Pen. Code) or bj^ a private person (sec. 837, Pen. Code), and in either case the requirement is that (sec. 849, Pen. Code) “the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and a complaint stating the charge against the person, must be laid before such magistrate”. There is no suggestion in the statute above quoted from, that the complaint must be drafted or approved or “issued” by any certain person or particular *Supp. 751 officer—the sole exaction is that “a complaint stating the charge against the person, must be laid before such magistrate ”. The provisions of subdivisions (6), (7) and (8) of section 42 of the Los Angeles City Charter, making it incumbent upon the city attorney to draft complaints, “institute ’ ’ and conduct proceedings and generally act as attorney for the plaintiff in misdemeanor prosecutions within the city, are definitive and declaratory of the duties of the city attorney but are not limitations on the constitutional power of the municipal court. That court derives its power from section 11, article VI of the Constitution of California (an amendment adopted in 1924), which provides in part that “In any . . . city which is governed under a charter framed and adopted under the authority of this Constitution containing a population of more than forty thousand inhabitants ... a Municipal Court may be established as in this article provided, anything in this Constitution to the contrary notwithstanding. . . . Municipal Courts shall have original jurisdiction [see, also, sec. 13, hereinafter quoted in part] . . . in all criminal cases amounting to misdemeanor punishable by fine and imprisonment in the city or city and county or county jail, or punishable by fine or such imprisonment. . . . The Legislature shall provide by general law for the constitution, regulation, government and procedure of Municipal Courts, and for the jurisdiction thereof except in the particulars otherwise specified in this section, and for the establishment of Municipal Courts in cities or cities and counties governed under charters framed and adopted under the authority of this Constitution, and having the population hereinbefore in this section specified.” By amendment of section 13, article VI of the Constitution in the year 1928, the jurisdictional scheme and control of municipal courts was somewhat altered by the adoption of the provision that “the Legislature may fix by law the jurisdiction of Municipal Courts”. That jurisdiction, as to offenses committed in cities having such courts, has been declared by the legislature, in section 1462 of the Penal Code, as follows: ‘ ‘ Each municipal court shall have exclusive jurisdiction in all criminal cases amounting to misdemeanor, where the offense charged was committed within the city in which such municipal court is established except those of which the juvenile court is given jurisdiction”. Certainly the plain import of *Supp. 752 the constitutional and statutory provisions quoted negatives any contention that either the jurisdiction of, or procedure in, municipal courts is a municipal, as distinguished from, a state affair.
To hold that the Los Angeles city charter provisions eliminate prosecutions, whether for violations of the city charter, city ordinances or state laws, unless the same are “instituted”, and the complaints prepared and presented, by the city attorney, would give such charter provisions either the effect of regulating procedure in the municipal courts (requiring the dismissal of actions not so filed by the city attorney) or of ousting them from a part of the jurisdiction conferred by the Constitution and legislature. While the duties of a city prosecutor, in so far as violations of his city’s charter and ordinances are concerned, may be said to be a municipal affair (Fleming v. Hance, (1908) 153 Cal. 162, 169 [94 Pac. 620]), the procedure in, and jurisdiction of the municipal courts are by express constitutional provision, as we have noted above, matters of state rather than municipal concern. (Sec. 11, art. VI, Cal. Const.; see, also, Nicholl v. Koster, (1910) 157 Cal. 416, 419, 420 [108 Pac. 302].) The ordinance establishing the Los Angeles court expressly provides “That a municipal court in and for the city of Los Angeles is hereby created, constituted and established, under authority of, and in conformity with the Constitution and laws of the state of California and the charter of such city . . . [and] said municipal court shall . . . have and exercise such jurisdiction and powers as are now, or hereafter may be, provided by law”. (Bancroft-Whitney Co. v. Payne, (1925) 197 Cal. 551, 554 [241 Pac. 551].) To interpret the charter provisions as limiting the jurisdiction of, or regulating procedure in, such courts would render such provisions void as obnoxious to general law in a field not constituting a municipal affair and already occupied exclusively by the state. Such a construction is to be avoided in favor of one reasonably tenable and giving the provisions a valid effect. Such a one is that hereinabove suggested, i. e., that they are definitive and declaratory of the duties of the city attorney but are not limitations on the constitutional power of the court.
The order appealed from is reversed and the cause is remanded to the municipal court, with directions to deny the motion to dismiss on the ground stated, and for further pro *Supp. 753 eeedings pursuant to law and not inconsistent with this judg-ment.
Shaw, P. J., concurred.