[Civ. No. 7941.   Third Dist.   Apr. 16, 1952.]

WESTERN SURGICAL SUPPLY COMPANY, LTD. (a Corporation), Petitioner, v. AUGUSTUS J. AFFLECK et al., Respondents.

Sheppard, Mullin, Richter & Balthis and Mull & Pierce for Petitioner.

Edmund G. Brown, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Respondents.

THE COURT.—This is a petition for a writ of mandate to restrain respondents as members of the State Board of Pharmacy from enforcing certain regulations and orders against the petitioner. We granted the alternative writ, and appointed a referee. Findings were made by the referee which we adopt. This court issued its decision on February 8, 1952. A rehearing was granted on March 7, 1952. The matter is again before us for decision.

The petitioner is a corporation whose central office is in Los Angeles with branch offices situated in Pasadena, Long Beach, San Bernardino, San Diego, Sacramento and San Francisco. It is engaged in the business of wholesale distribution of cer-

tain drugs defined as dangerous drugs in the Health and Safety Code, and other supplies and equipment used by physicians, surgeons, dentists, hospitals, chiropodists, veterinarians, laboratories and chiropractors.

Between June 9 and July 11, 1950, which was prior to the petition for a writ of mandate, the respondent board acting through its inspectors caused 33 criminal complaints to be filed in various municipal courts charging petitioner with misdemeanor violations of sections 20755, 29020 and 29023 of the Health and Safety Code and sections 4030, 4161, 4231, 4232 and 4233 of the Business and Professions Code. The acts charged were:

1. That petitioner sold a drug classified as a dangerous drug to a person or persons who were registered pharmacists without a prescription;

2. That it had, without acting through an employee who was a registered pharmacist, sold iodoform gauze, sterile water, zinc oxide ointment, tannic acid ointment, soda bicarbonate to a person who was a registered pharmacist without a prescription.

3. That it had sold schedule ''A'' poisons without registering the sale thereof.

4. That it had in its possession certain hypnotic drugs incorrectly labeled.

5. That it had sold to a person who is a registered pharmacist a hypodermic needle, without recording the sale.

The criminal proceedings are now pending in the various courts.

During the period the criminal complaints were filed, the employees of respondent board served notice of violation of the Health and Safety Code and the Business and Professions Code on petitioner. These notices charged violations of the same sections as were charged in the criminal complaints. The board did not take any action regarding these notices of violations.

The orders and regulations which petitioner seeks to restrain the respondent board from enforcing are set forth in the petition. Paragraph VII alleges that on October 3, 1949, the respondent board ''concluded'' that every wholesaler must have a registered pharmacist on duty at all times, and that every manufacturer who manufactures drugs, with the exception of those items enumerated in sections 4032 and 4044, Business and Professions Code, must have a pharmacist in charge. The petition also alleges that the board has adopted

orders that no person other than a registered pharmacist can furnish or sell iodoform gauze, sterile water, zinc oxide ointment, tannic acid ointment, and soda bicarbonate except on prescription by a physician; that the board had adopted an order requiring wholesale dealers to register the sale of all poisons enumerated in Schedule "A" of section 20703 of the Health and Safety Code; and that the board has adopted an order requiring wholesalers to maintain a record of the sales of hypodermic needles or hypodermic syringes. It is alleged that the board in order to carry out the above orders instructed its inspectors to collect evidence and to file the criminal complaints as previously noted.

The petition alleges that the orders are null and void in that no notice was given of their proposed adoption as required by section 11423 of the Government Code, or otherwise; that copies of the orders or regulations were not filed with the Secretary of State as required by section 11380 of the Government Code; and that it is not unlawful for wholesalers to do the things prohibited by the board's orders.

The first question presented is whether the action of the respondent board is subject to review in a mandate proceeding. We think not. ▉ Mandate is a proper writ to test the validity of regulations, orders or proceedings of an administrative board which have been asserted against one seeking the writ. ▉ The petition before us does not present that situation. The board is not enforcing its order or regulations against petitioner. There has been no proceeding before the board charging petitioner with violation of any of the board's orders, and neither has there been a proceeding before the board charging a violation of the provisions of the Health and Safety Code and the Business and Professions Code. Until the board has acted against petitioner, that is, conducted a hearing and rendered its decision, there is nothing to review. (Code Civ. Proc., § 1094.5; 2 Cal.Jur.2d 297; 42 Am.Jur. 574.) Such is the factual situation before us.

▉ Pertinent to the subject now under discussion is the question of whether the board's action in directing its employees to sign the various criminal complaints constitutes the enforcement of "orders and regulations" of the State Board of Pharmacy. This appears to be the theory of petitioner. The statement of the question contains the obvious answer. The criminal complaints charge misdemeanor violations of statutes adopted by the Legislature. Under former section 1426 of the Penal Code, the prosecution of misde-

meanor cases is commenced by a complaint under oath. The section does not restrict the making of a complaint to any certain person or individual; it may be by anyone having knowledge of the offense charged. The Pharmacy Board, or its members, or its employees are not charged with the prosecution and judicial determination of the criminal proceedings pending in the municipal courts. The ultimate outcome of these proceedings rests with the prosecuting attorneys and the courts wherein the charges are pending.

Petitioner contends that the action of the board in causing the criminal complaints to be filed is illegal and immoral and that the board is estopped by its conduct from giving effect to such a construction of the pharmacy law. In support of this contention petitioner refers to various conferences at which wholesale dealers and members of respondent board were present and that at such meetings the board or its members or employees did not inform petitioner that the law required it to sell only through registered pharmacists, and the board by its conduct sanctioned the method of petitioner's operations. Petitioner relies upon *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323]. It was there held that the filing of a claim against a county or other governmental agency is a condition precedent to a cause of action, but that the time requirement of the claim statute is procedural and may be excused by estoppel.

Petitioner's contention on estoppel amounts to an assertion that state agencies or state officials may waive the penal laws of this state. We find nothing in the Farrell case, *supra*, or other cases cited by petitioner which would support this contention. The penal provisions contained in the Health and Safety Code and the Business and Professions Code were enacted by the Legislature, and it is beyond the power of any board or official to waive or consent to a violation of such provisions. In *Caminetti* v. *State Mut. Life Ins. Co.*, 52 Cal. App.2d 321 [126 P.2d 165], the appellant insurance company contended that the Insurance Commissioner was estopped to take over the company because the commissioner and his predecessors in office knew of the practices of the company in previous years and had failed to take action against it. The court stated at page 326:

"To state the contention is to state its impossibility. To govern themselves, the people act through their instrumentality which we call the State of California. The State of California functions through persons who are for the time being

its officers. The failure of any of these persons to enforce any law may never estop the people to enforce that law either then or at any future time. It would be as logical to argue that the people may not proceed to convict a defendant of burglary because the sheriff perhaps saw him and failed to stop him or arrest him for another burglary committed the night before. (*State ex rel. Fishback* v. *Glove Casket & Undertaking Co.*, 82 Wash. 124 [143 P. 878, L.R.A. 1915B 976]; *Department of Insurance* v. *Church Members R. Assn.*, 217 Ind. 58 [26 N.E.2d 51, 52]; *Mullan* v. *State*, 114 Cal. 578, 587 [46 P. 670, 34 L.R.A. 262].)'' (See, also, *Magruder* v. *City of Redwood*, 203 Cal. 665, 675 [265 P. 806]; *Fleming* v. *Miller*, 47 F.Supp. 1004, 1008.)

The petitioner contends that a proper construction of the Pharmacy Act, the Dangerous Drug Act, and the Poison Act, does not require wholesalers to have a registered pharmacist when selling to the professional classes. It is also contended that the various acts as construed by the respondent board are unconstitutional for numerous reasons.

Whether petitioner has violated the various acts, or whether those acts are unconstitutional, are questions beyond the scope of this proceeding. Since it is our conclusion that the Pharmacy Board did not enforce its orders or regulations against petitioner, a determination as to the validity of the statutes involved would amount to an unwarranted interference with the criminal proceedings now pending in the municipal courts. Our conclusion would be the same if we consider the petition one for prohibition rather than mandate.

As a general rule, the question of whether petitioner's acts constitute a violation of the statutes must be raised upon the trial of the issues. (*Walsh* v. *Railroad Com.*, 16 Cal.2d 691, 694 [107 P.2d 611].) Where normal remedies are inadequate ''the constitutionality of a statute or ordinance may be tested by prohibition on the ground that invalidity of the legislation goes to the jurisdiction of the court to proceed to try the case.'' (*Rescue Army* v. *Municipal Court*, 28 Cal.2d 460, 462 [171 P.2d 8].) Such proceedings in prohibition are directed against the court attempting to act under the invalid statute. In the proceeding before us, the municipal courts are not parties. Where prohibition is proper to test the validity of a statute, it must appear that the trial court has passed upon its own jurisdiction. In *Rescue Army* v. *Municipal Court, supra,* the record showed that the peti-

tioner had been tried twice for violation of a statute and the case had been set for trial a third time. Under those facts it sufficiently appeared that the trial court had passed upon its own jurisdiction. The court stated at page 464:

"A court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance. It is necessary, therefore, to challenge the jurisdiction of the trial court *in that court*, by demurrer, motion, plea or other objection of some kind, so that *that court* may preliminarily decide the question whether it has jurisdiction to proceed. And unless a party can show that a lower tribunal, *after first determining that it has jurisdiction, is proceeding to exercise it*, there is nothing for a higher court to prohibit. This obvious principle is one of the cornerstones of our system of lower and higher tribunals."

In view of the foregoing we conclude that the peremptory writ should be and it is hereby denied, and that the alternative writ heretofore issued is discharged.

A petition for a rehearing was denied May 9, 1952, and petitioner's application for a hearing by the Supreme Court was denied June 11, 1952. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.