Elizabeth B. JOHNSON, Appellant,

v.

Charles B. MacCOY, Appellee.

No. 16521.

United States Court of Appeals
Ninth Circuit.

March 31, 1960.

Marvin Zinman, Los Angeles, Cal., for
appellant.

Harold W. Kennedy, County Counsel, Robert C. Lynch, Deputy County Counsel, County of Los Angeles, Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

Appellant filed suit below under the Civil Rights Act (42 U.S.C. § 1983) to recover damages against appellee, a judge of the Municipal Court of the Los Angeles Judicial District, State of California, alleging appellee had knowingly acted "in clear absence of jurisdiction" in issuing felony complaints against plaintiff on October 28, 1957, and again on December 23, 1957. Both felony complaints charged the same violation of the California Penal Code (Section 182, Subdivision 1), a conspiracy to commit a crime. Warrants for arrest were thereafter issued in each instance, and plaintiff was arrested. The first proceedings were dismissed by another judge of the same Municipal Court Judicial District, upon the ground that the appellee had no jurisdiction to issue a felony complaint on the complaint of a private citizen, but only at the request of a prosecutive agency of the State of California.

The district court dismissed the action without opinion upon the ground the complaint failed to state a claim for relief. Both parties to this appeal assume the dismissal was based on the judicial immunity of the appellee judge. Bradley v. Fisher, 1871, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646. The well recognized exception to such general immunity of a judicial officer is defined in the same case—raising the distinction between an act done in *excess* of jurisdiction, and an act done in the clear *absence* of all jurisdiction, and known to the judge to be such. Ryan v. Scoggin, 10 Cir., 1957, 245 F.2d 54; Kenney v. Fox, 6 Cir., 1956, 232 F.2d 288.

Appellant's position rests upon two premises: (1) that the felony complaints and warrants were not issued in accordance with California law; and (2) that the appellee judge knew this when he issued the two complaints, particularly the second. Appellant concedes that "had [appellee] stopped with the first complaint and warrant, she [appellant] could not have pierced his [appellee's] immunity."

At best, the law in California as to whether a municipal court judge has jurisdiction to issue a complaint and warrant upon a showing made by a private citizen, and not a prosecutive agency, is somewhat, but not totally, obscure. We find no case squarely in point.

The recognition by appellant that the issuance of the first complaint and warrant would not be an act *clearly* without the jurisdiction of the appellee points up the weakness of appellant's first premise. If a *clear* absence of jurisdiction can be established, then the first issuance must be as illegal as the second.[1]

The appellee was a magistrate (California Penal Code § 807) designated specifically as such (California Penal Code § 808, sub. 4). Before issuing a warrant, a magistrate is required to have before him a "written complaint under oath subscribed by the complainant and filed with the magistrate," if the offense is originally triable in the Superior Court. We immediately note that so far as the statute is concerned, complainant is not specifically required to be a prosecutive officer.

Whether the magistrate in California is a Supreme Court judge, a Superior Court judge, a Municipal Court judge, or a Justice of the Peace, he has when acting as a magistrate the precise same authority as any other magistrate. People v. Cohen, 1897, 118 Cal. 74, 50 P. 20; People v. Swain, 1907, 5 Cal.App. 421, 90 P. 720.

We see no reason why there should be a distinction (as urged by appellant) between who may present a possible crime to a magistrate for his consideration when such distinction is based

---

1. See n. 5, infra.

solely upon whether the crime is a felony or a misdemeanor. The Statute makes no such distinction (California Penal Code §§ 806, 813). Naturally, if the complaint justifies a warrant and preliminary hearing, and a subsequent binding over for trial, one skilled in the art should draw all indictments and informations. This would be the district attorney. Calif.Gov.Code § 26502.

The opinion of a second municipal judge that the appellee had acted in clear absence of jurisdiction was attached to the appellant's complaint as an exhibit. This opinion rests upon several authorities which we shall discuss.

(1) Article VI, Section 20 of the California Constitution and California Penal Code § 684 require all criminal actions to be prosecuted and styled in the name of the People of the State of California, and by their authority. In the instant case, this was done.[2]

(2) Calif.Gov.Code § 26501. This requires the district attorney to "institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses." This puts no duty on him alone to seek the charge or produce evidence sufficient to constitute a reasonable suspicion.

(3) The opinion suggests that if the district attorney does not have sole authority to institute proceedings to attempt to convince a magistrate a crime has been committed, citizens will be falsely accused and deprived of their liberties. We cannot agree. The decision is not for a district attorney and only a district attorney to make. We think this is precisely why all persons desiring a complaint to issue must present their evidence before and convince a non-prosecuting agency, i. e., a magistrate. He reviews the facts and exercises his judgment. If it were solely the function of the district attorney to determine what the magistrate may consider, the final or veto power would be placed in the hands of a prosecuting officer, rather than a judicial officer. This is contrary to the practice and theory of our system of justice, including the grand jury system.

(4) The opinion relies on three California cases: (a) Fitch v. Board of Supervisors, 1898, 122 Cal. 285, 289, 54 P. 901; (b) Sloan v. Hamilton [sic], 1927, 81 Cal.App. 590, 254 P. 648; and (c) People v. McDaniels, 1902, 137 Cal. 192, at page 198, 69 P. 1006.

In relying on the latter case, the opinion erroneously quotes it.[3] With the correct quotation we do not disagree. No act herein complained of contemplated or accomplished the prosecution of any action other than one by the State.

By Sloan v. Hamilton, supra, we assume a reference is meant to Sloane v. Hammond, 1927, 81 Cal.App. 590, 254 P. 648. This case involves the employment of special counsel to assist the district attorney, and we find in it no applicability to the instant case.

Fitch v. Board of Supervisors, supra, involves a suit by a citizen, in his own name, as "an 'interested party'" against a board of supervisors who had failed to set a water rate. Under constitutional provisions, says the court on page 289 of 122 Cal., on page 902 of 54 P., "the legislature has not the power to authorize a prosecution for such offense in the name of and at the instance of any individual." With this we would agree. But again, the Fitch case has nothing to do with this case, where the prosecution, as required by the Penal Code, is in the name of the People.

---

**2.** The proceedings in the Municipal Court were entitled People v. Blackman, et al. (Ex. A attached to Appellant's Complaint.)

**3.** As quoted:

"All prosecutions are by the State, which is a single entity. It may choose the form and demeanor for what particular offense it will prosecute the citizens for a violation of the Criminal Law."
The second sentence should read:
"It may choose its forum, and determine for what particular offense it will prosecute the citizen for a violation of the criminal law."
137 Cal. 192, at page 198, 69 P. 1006, at page 1009.

It would indeed be strange if a citizen could arrest another without a warrant, for the commission of a public offense or a felony (California Penal Code § 837); be required to take him "without unnecessary delay, * * * before the nearest or most accessible magistrate in the county"; lay the complaint before the magistrate (California Penal Code § 849); and then have all concerned await the district attorney, or his representative, to present something else. In remote county areas of California, there is frequently a magistrate, but infrequently a deputy district attorney. As is said in People v. Barnhart, 1939, 37 Cal. App.2d Supp. 748, 94 P.2d 411, 412, in considering the problem thus announced:

> "There is no suggestion in the statute above quoted from [California Penal Code § 849], that the complaint must be drafted or approved or 'issued' by any certain person or particular officer—the sole exaction is that 'a complaint stating the charge against the person, must be *laid before* such magistrate.'"

(Emphasis added.) 37 Cal.App.2d Supp. at pages 750–751, 94 P.2d 411, at page 413. The court in the Barnhart case then held that any charter provisions of the City of Los Angeles looking toward the requirement that the city attorney *only* could institute prosecutions or prepare and present complaints would interfere with the regular procedure, and oust the municipal courts from part of the jurisdiction conferred on them by the Constitution and legislature, citing Article IV, Section 11 of the California Constitution and Nicholl v. Koster, 1910, 157 Cal. 416, 419, 420, 108 P. 302.

4. Penal Code § 1426 as to misdemeanor prosecutions, repealed by Stats.1951, ch. 1674, § 145.

5. In California, decisions of coordinate courts are strongly persuasive, but not binding. People v. Brunwin, 1934, 2 Cal. App.2d 287, 37 P.2d 1072; Smith v. Hume, 1938, 29 Cal.App.2d Supp. 747, 74 P.2d 566; In re Griffiths' Estate, Super.Ct.1895, 3 Coff.Prob. 545. Cf. general rule, 21 C.J.S. Courts § 196.

> "Such a construction is to be avoided in favor of one reasonably tenable and giving the provisions a valid effect. Such a [construction] is that herein * * * suggested, *i. e.*, that they [the charter provisions] are definitive and declaratory of the duties of the city attorney *but are not limitations on the constitutional power of the court."*

(Emphasis added.) 37 Cal.App.2d Supp. at page 752, 94 P.2d at page 413.

■ Here we interpret the California Penal and Government Codes to authorize the district attorney to present or lay a complaint before a magistrate as to a possible felony, but not to exclude or prohibit the same act when performed by a private citizen. And see Western Surgical Supply Co. v. Affleck, 1952, 110 Cal.App.2d 388, at page 392, 242 P.2d 929, at page 931, where it is said of a then existing Penal Code Section:

> "The section[4] does not restrict the making of a complaint to any certain person or individual; it may be by anyone having knowledge of the offense charged."

Cf. People v. Currie, 1911, 16 Cal.App. 731, 117 P. 941.

Nor do we think that because one judge believes a warrant should issue, and that he has jurisdiction to issue it, and a second judge of the same court believes that the first judge has no such jurisdiction is of any material consequence. Each court has jurisdiction to determine its own jurisdiction. One judge of a court cannot control another judge of a coordinate court.[5]

■ There being no sufficient or any showing that the act of the appellee

If we are to take appellant's argument literally, i. e., that the appellee judge should have been governed by his fellow judge's dismissal of the felony complaint, we face a new problem. If one coordinate judge's decision is controlling, why did and how could the second judge have dismissed the felony complaint authorized by the first judge? Was the original decision not as binding on the second judge as he expects his dismissal to be on the first judge?

complained of was clearly done in the *absence* of jurisdiction; it being within his jurisdiction by the letter of the statute; and there being no allegation of facts sufficient to show an act in *excess* of jurisdiction, we find no basis for any exception to the general rule enunciated in Bradley v. Fisher, supra, of judicial immunity. A judge is not liable in a civil action for acts done by him in the exercise of his judicial functions.

The Federal Civil Rights Act adds nothing to the picture. Cf. Snowden v. Hughes, 1944, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497.

The judgment below is affirmed.