[Civ. No. 22065. First Dist., Div. Three. June 15, 1966.]

TYLER HENRY SMITH II, Plaintiff and Appellant, v. RENEE LA FARGE, Defendant and Respondent.

Tyler Henry Smith II, in pro. per., for Plaintiff and Appellant.

Renee La Farge, in pro. per., for Defendant and Respondent.

Sigmund Arywitz, Samuel S. Berman, Andrew H. D'Anneo, Leon E. Gold, and Douglas M. Phillips as Amici Curiae on behalf of Defendant and Respondent.

SALSMAN, J.—Appellant, Tyler Henry Smith II, brought this action to recover damages for breach of a written contract. After hearing the evidence the trial court entered judgment in the sum of $13.20. For reasons hereafter stated we have concluded that the judgment must be affirmed.

Appellant operates a private employment agency. In late 1962 respondent sought his aid in finding a job. The parties entered into a written agreement wherein respondent agreed to

pay appellant $120 for information by which she could secure a bona fide employment interview. Appellant supplied such information and as a result thereof respondent obtained an interview and secured employment with the New York Life Insurance Company. The employment lasted 10 days. Respondent's total wages were $132. Appellant demanded payment of the $120 fee stipulated in the written agreement but respondent refused to pay. Appellant then brought the matter before the Labor Commissioner who determined that respondent should pay a fee of $13.20. Thereafter appellant filed an action in the superior court as allowed by Labor Code section 1647 [1] seeking a trial de novo. As we have noted, the trial court's judgment fixed appellant's damages in the same amount as that determined by the Labor Commissioner.

Appellant's complaint states but one cause of action. It seeks damages only for breach of the written contract. No cause of action is stated for recovery in *quantum meruit*. We have concluded that the written agreement which forms the sole basis for the action is illegal and that it cannot support an award of damages for its breach in any amount.

The written agreement contains this language: ". . . for the below stated correct information which shall enable the undersigned [respondent] . . . to secure a bonified [*sic*] employment interview for the below stated position . . . undersigned customer(s) [respondent] promise to pay to the order of [appellant] . . . The sum of $120. . . ." It is readily apparent from this language that all appellant need do to earn the fee agreed to be paid is to make a reference of respondent to an employer and that respondent obtain a bona fide job interview.

Under the contract, actual employment of respondent would be unnecessary to appellant's right to claim the fee, and if employment resulted from the interview, the fact that it might be of short duration would be no defense against appellant's assertion of his right to the entire fee. ▮ We think the contract as written violates the provisions of the Labor Code

[1] All section references hereafter are to the Labor Code, unless otherwise noted. Section 1647 reads as follows: "In all cases of controversy arising under this chapter the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to an appeal within 10 days after determination, to the superior court where the same shall be heard de novo. To stay any award for money, the party aggrieved shall execute a bond approved by the superior court in a sum not exceeding twice the amount of the judgment. In all other cases the bond shall be in a sum of not less than one thousand dollars ($1,000) and approved by the superior court."

relating to private employment agencies (Lab. Code, div. 2, pt. 6, ch. 1) and contravenes the intention of the Legislature in enacting statutes for the protection of job-seeking workers.

Looking at the provisions of the Labor Code relating to private employment agencies in their entirety we see a clear purpose on the part of the Legislature to protect the public from abuses such as those disclosed by the facts of the case now before us. Here, as we have seen, appellant seeks to impose a substantial fee upon respondent solely by making a reference to an employer who will grant her a bona fide job interview. According to the contract the full fee is immediately due and payable when the interview has been obtained, regardless of whether employment results, or if employment is obtained, how long such employment may last. If permitted, this would frustrate the legislative purpose.

 Section 1633 of the Labor Code prohibits the charging of any kind of registration fee, directly or indirectly. Appellant's contractual scheme here bears some resemblance to a registration fee, because actual employment need not result before appellant may claim his fee. It is true that one step beyond mere registration is required, namely that applicant be given information about a particular job and obtain a bona fide job interview. But nothing more is required to obligate the applicant to pay the fee. Once the contract has been signed, reference made and interviw obtained the fee is due. The proximity of this arrangement to the prohibition against the charging of registration fees is evident, and we think contrary to the legislative purpose.

Other sections of the Labor Code disclose an intention on the part of the Legislature to prohibit the imposition of fees and charges upon workers where employment is not obtained. Section 1624 establishes the essentials of every contract between a job applicant and an employment agency. It describes permanent employment as employment lasting more than 90 days. Sections 1626 and 1634 require that all fees paid by a job applicant be repaid in full by the employment agency if employment is not obtained. Section 1635 provides that where employment is at a distance and is actually obtained but lasts less than seven days, the full amount of the fee paid the agency, together with the applicant's expenses, must be repaid, or such portion thereof as the Labor Commissioner may determine to be adequate. Finally, section 1646 gives to the Labor Commissioner rulemaking power in the administration of provisions of the code relating to private employment

agencies. Pursuant to this authority the commissioner has established regulations 11898 and 11899 which in effect provide that fees are due an agency from a job applicant only when the information supplied to the applicant leads to actual employment. No statute or regulation has been cited to us, and we have found none, which would permit a private employment agency to charge and collect a fee merely for the service of referring a job applicant to an employer who grants the applicant a job interview. ■ Under the contract here, as appellant has written it, he could refer any number of applicants to a single employment opportunity, and if each secured an interview, each would be obliged to pay the full fee stated, although only one applicant could actually obtain the job. To permit evasion of the various code sections we have cited by the contractual device arranged by appellant would sanction the very injustices the Legislature has sought to prevent.

■ We have not overlooked the fact that appellant's form of contract was given approval by the Labor Commissioner. The Labor Commissioner, in an amicus curiae brief, however, asserts that he had no power to approve an illegal contract. We agree that the commissioner cannot by his stamp of approval validate an illegal contract. He, as well as appellant, is circumscribed by the legislative rules. ■ Moreover, contrary to appellant's contention, the commissioner is not estopped because of his prior approval of the contract to now urge its illegality. (*Panzer-Hamilton Co.* v. *Bray*, 96 Cal.App. 460, 464 [274 P. 769]; *Western Surgical Supply Co.* v. *Affleck*, 110 Cal.App.2d 388, 392 [242 P.2d 929].)

■ Although appellant's contract is an illegal one, and will not support a judgment for any amount (see *Loving & Evans* v. *Blick*, 33 Cal.2d 603, 607 [204 P.2d 23], and cases cited; 1 Witkin, Summary of Cal. Law (1960) Contracts, §§ 156, 157) we must nevertheless affirm the judgment for $13.20 for the following reasons: Respondent's answer, reasonably construed, raised the issue of the reasonable value of appellant's services and specifically asked that the amount of the judgment be ". . . restricted to the sum of $13.20. . . ." which, as we have seen, is the exact amount of the superior court judgment and also the amount found to be due by the Labor Commissioner. No findings were made but there was evidence before the court which supports the court's conclusion that $13.20 was the reasonable value of appellant's services. Further, respondent has taken no appeal from the judgment, and we must therefore affirm.

Appellant also contends that the various sections of the Labor Code relating to private employment agencies are unconstitutional. This same contention was made in *Collier & Wallis, Ltd.* v. *Astor,* 9 Cal.2d 202, and the court there declared at page 206 [70 P.2d 171] : ''The abuses which have grown up in this line of business have long been recognized and have been subject to both legislative and judicial decision. It has now become definitely settled that statutes regulating employment agencies fall within the police power of the state.'' (See also 31 Am.Jur., Labor, § 760, p. 951; 133 A.L.R. 1500, and annotation, p. 1505, et seq.) The provisions of the Labor Code to which appellant objects were enacted by the Legislature in the exercise of the police powers of the state, and being reasonable in scope and content, are not vulnerable to attack on constitutional grounds.

The judgment is affirmed, respondent to recover costs on appeal.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied July 15, 1966.