Opinion
COLE, P. J.

Procedural Considerations

This is a timely appeal by the plaintiff from a ruling of the lower court declaring the validity of the defendant’s claim of exemption under Code of Civil Procedure section 690.235.

*Supp.39
Pertinent Facts

On April 23, 1975, the plaintiff obtained a default judgment against the defendant. The plaintiff recorded an abstract of judgment in Marin County, wherein the defendant owned a dwelling house, on February 17, 1976. On the same day, but later in time to the recording of the abstract, the defendant recorded a declaration of homestead on this same Marin County property.
Thereafter, a writ of execution was levied by the Marin County Sheriff on that property and the defendant filed an affidavit claiming it was exempt from execution under Code of Civil Procedure sections 690.235 and 690.50.
The plaintiff then instituted proceedings to have the trial court determine the claim of exemption and that court ruled that the defendant’s claim of exemption under the above sections was proper and legally effective against the plaintiff’s judgment. The court’s minute order of June 23, 1976, reads as follows:
“The court has reviewed the law including Taylor v. Madigan [1975] 53 Cal.App.3d 943 [126 Cal.Rptr. 376]; the tenor of the law is to allow one homestead only; it should not act to prevent the use of both ways to effect one Homestead.
“The court now declares that defendant’s claim of homestead [The court meant ‘residential exemption’] under C.C.P. 690.235 and 690.50 is proper and legally effective against plaintiff’s judgment herein.
“Defendant to notice.”
The appeal is from this order.
Code of Civil Procedure section 690.235 as it read in relevant part during the time at issue is as follows:
“(a) A dwelling house in which the debtor, or the family of the debtor actually resides, to the same extent and in the same amount, except as otherwise provided in this section, as the debtor or the spouse of the debtor would be entitled to select as a homestead pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code; provided that neither such debtor nor the spouse of such debtor has an existing declared homestead on any property in this state.
*Supp.40 “(b) The exemption provided in subdivision (a) shall not apply to a judgment or an abstract thereof which has been recorded prior to the acquisition of the property by the debtor or the spouse of the debtor or the commencement of residence, whichever last occurs.”
The statute has been repealed, effective July 1, 1977 (Stats. 1976, ch. 1000) and replaced by new Code of Civil Procedure section 690.31 which reads in relevant part:
“(a) A dwelling house in which the debtor or the family of the debtor actually resides shall be exempt from execution, to the same extent and in the same amount, except as otherwise provided in this section, as the debtor or the spouse of the debtor would be entitled to select as a homestead pursuant to Title 5 (commencing with § 1237) of Part 4 of Division 2 of the Civil Code....
“(b) The exemption provided in subdivision (a) does not apply:
“(1) Whenever the debtor or the spouse of the debtor has an existing declared homestead on any property in this state other than property which is the subject of a proceeding under subdivision (c) of this section.”

Issue

The issue presented is whether the retroactive operation of the “residential exemption” amounts to an impairment of the obligation of contract in violation of article I, section 10 of the United States Constitution.
The obligation sued upon was incurred and a default judgment was obtained by the plaintiff prior to July 1, 1975, the effective date of this section. (Stats. 1974, ch. 1251, § 8, p. 2712.) Clearly, if the plaintiff had recorded the abstract prior to July 1, 1975, its status as a lienholder and the encumbrance upon the property would have vested prior to the effective date of the act and the defendant would have been prohibited from claiming the “residential exemption” by the express terms of that act.[1]
*Supp.41 However, the Legislature in enacting the “residential exemption” and establishing the recording of the abstract vesting the encumbrance as the cutoff point, impliedly made the act applicable to obligations incurred and judgments obtained before its effective date but not vested as encumbrances until after. By so doing it has raised a constitutional issue dealing with the impairment of the plaintiff’s expectations under the original contract.
The defendant’s argument is essentially that no new exemption is created by section 690.235. He views this provision as merely extending the homestead exemption provision of the Civil Code to those otherwise entitled to it by removing the condition precedent of recording. In other words he is saying that both at the time the obligation was incurred and at the time of the judgment he was entitled to the homestead exemption and thus he is getting nothing more by this new exemption than that to which he was otherwise entitled.
We find this argument unconvincing. The law was at the time of the obligation and judgment herein, and still is, that you are not entitled to a homestead exemption unless you record it. If this section had not been enacted the defendant could assert no exemption and the plaintiff could have executed against the defendant’s dwelling in satisfaction of his judgment. The defendant is given an exemption where none existed before and the plaintiff is denied an avenue of recovery which existed before.[2] That the plaintiff is deprived of a preexisting right and that the new section is here retroactively applied to the defendant’s obligation to the plaintiff is beyond question. We must decide whether contractual rights have been unconstitutionally abridged in this situation.
The cases cited by the plaintiff all stand for the general proposition that statutes cutting down the creditor’s rights by granting the debtor exemptions, in the absence of an emergency situation (such as the great depression)[3] are unconstitutional as an impairment of contractual obligations. (See 5 Witkin, Summary of Cal. Law (8th ed.) §§ 628, 629, pp. 3926-3928.)
*Supp.42 The leading case is In re Rauer’s Collection Co. (1948) 87 Cal.App.2d 248, 253-254 [196 P.2d 803], In that case it was held that the court must apply the homestead exemption amount provided by statute at the time the obligation was incurred. To apply the increased homestead exemption amount at the time of the judgment would impair the contractual relationship of the parties. The court emphasized that the creditor is entitled to rely upon the exemption in existence at the time the obligation is incurred.
Medical Finance Assn. v. Wood (1936) 20 Cal.App.2d Supp. 749, 751 [63 P.2d 1219], and Smith v. Hume (1937) 29 Cal.App.2d Supp. 747, 749 [74 P.2d 566], both involved the situation where a new exemption from execution for automobiles was enacted subsequent to the incurring of the obligation leading to the execution. Both courts held that the new exemption could not be applied retroactively even though no lien had attached prior to the enactment of that statute.
In accord is Turner v. Donovan (1944) 64 Cal.App.2d 375, 378-379 [148 P.2d 912], which held that an amendment to the Code of Civil Procedure prohibiting execution sales of causes of action and judgments, had no retroactive effect on the rights of a creditor whose levy was prior to the effective date of the amendment.
At least two federal bankruptcy cases arising out of the northern district of California and decided by the United States Court of Appeals, Ninth Circuit, are also in accord with the above decisions. They both involved the situation where the homestead exemption amount had been increased subsequent to the time the bankrupts had incurred the debts leading to their bankruptcy, but prior to the recording of their declarations of homestead. The bankrupts were held not to be entitled to take advantage of such increases, but were limited to the value at which the exemption was set when their debts were incurred. (In re Towers (N.D.Cal. 1956) 146 F.Supp. 882, 885-886, affd. sub nom, Towers v. Curry (9th Cir. 1957) 247 F.2d 738, 739; England v. Sanderson (9th Cir. 1956) 236 F.2d 641, 643, reversing In re Sanderson (N.D.Cal. 1955) 134 F.Supp. 484, 485.)
The order appealed from is reversed. Appellant to recover its costs on appeal.
Alarcon, J., and Wenke, J., concurred.

 Statutes 1974, chapter 1251, sections 6 and 8 read: “Sec. 6. Nothing in this act shall be construed to alter, change, or modify the rights of any lienholder or encumbrance vested prior to the operative date of this act.” “Sec. 8. This act shall become operative on July 1, 1975.”

 The defendant’s argument totally ignores the realities of the situation. It is like saying that a new statute eliminating registration requirements for voting would confer no new rights upon a non registered voter because he was always a citizen and thus always entitled to vote.

 See 5 Witkin, Summary of California Law (8th ed.) section 629, pages 3927-3928 and 1 Stan.L.Rev. 352-354 citing Home Building and Loan Ass’n v. Blaisdell (1934) 290 U.S. 398 [78 L.Ed. 413. 54 S.Ct. 231, 88 A.L.R. 1481].