Opinion
ERTOLA, J.
This is an appeal by the Sheriff of San Joaquin County, Mr. Frank Harty, from an order issued by the Municipal Court for the City and County of San Francisco ordering him to levy upon, publish and sell the property of Mr. Salvador Fabila, real party in interest to this action. Although not a party in the original action, none of the parties contests the appellant’s right to bring this appeal.
On June 1, 1976, the real party in interest contracted with the Mission Insurance Company. The subject of the contract was a workers’ compensation policy to cover the period from June 1, 1976, to July 1, *Supp. 3 1976. Mr. Fabila never paid the premium due. The real party in interest does not contest the existence of the debt. The debt of the premium payable was assigned to the plaintiff on January 29, 1977, by the insurance company. An action was filed upon the claim and judgment in default was entered on April 25, 1977. On December 14, 1977, the San Francisco Municipal Court issued an order directing the Sheriff of San Joaquin County to proceed to levy upon, publish and sell the real property standing in the name of Salvador Fabila.
The sheriff made a motion to vacate the order on the ground that it was null and void as procedures mandated by Code of Civil Procedure section 690.31 had not been complied with. (See the text of Code Civ. Proc., § 690.31.) (Hereinafter all references to code sections are to the Code of Civil Procedure.)
The motion to vacate was denied by the municipal court on August 18, 1978. The appellant noticed an appeal from that denial and filed a writ of supersedeas seeking to stay enforcement of the municipal court judgment pending this appeal. A temporary stay was granted.
The only issue presented is whether section 690.31 (especially subds. (c) and (d)) applies to a judgment creditor whose lien upon a dwelling house was secured prior to July 1, 1977. The respondent makes no claim that the provisions of this section have been complied with, but rather asserts that because the effective date of the section, July 1, 1977, is subsequent to the date the debt was incurred, it is not applicable. The appellant on the other hand contends that the provisions enumerated under section 690.31 are procedural in nature and do not interfere with the underlying obligations involved in the contract. The appellant further contends that since the underlying obligations are not impaired, the procedural provisions of section 690.31 must be complied with; otherwise, the order to sell is null and void.
It is well settled that no law impairing the obligations of contracts may be passed. (U.S. Const, art. I, § 10; Cal.Const. art. I, § 9; In re Rauer’s Collection Co. (1948) 87 Cal.App.2d 248 [196 P.2d 803].) Therefore it becomes necessary to examine the code section in question to determine if it does impair obligation of the contract in force on June 1, 1976. It is our opinion that it does not.
Prior to the enactment of section 690.31, section 690.235 was applicable to claims of exemptions for dwelling houses. This latter section became effective on July 1, 1975, and was in effect until repealed and replaced by *Supp. 4 the current provisions of section 690.31. Therefore, the exemption for dwelling place was in existence at the time the contract in question was executed. Section 690.235 provided in pertinent part: “(a) a dwelling house in which the debtor or the family of the debtor actually resides, to the same extent and in the same amount, except as otherwise provided in this section, as the debtor or the spouse of the debtor would be entitled to select as a homestead as outlined in the Civil Code (Section 1237 and if.); provided that neither such debtor nor the spouse of such debtor has an existing declared homestead on any property in this state.” The substantive provisions of section 690.31 (subds. (a) and (b)) are almost identical with the substantive exemption allowed in section 690.235. Therefore it seems evident that the Legislature did not intend to deny homeowners the exemption created by them under section 690.235. The new section merely adds new procedural provisions to insure that the homeowner has notice of the action and an opportunity to claim the exemption through the hearing process. The Legislature, through the new section, has sought to insure that the exemption provided is not a mere formality available only to the knowledgeable but to make sure that all who are entitled to it have an ample opportunity to secure the exemption.
The respondent places heavy reliance on Daylin Medical and Surgical Supply, Inc. v. Thomas (1977) 69 Cal.App.3d Supp. 37 [138 Cal.Rptr. 878]. This reliance is misplaced. In Daylin, the contract in question came into' being before the effective date of section 690.235. Without this section, there was no exemption possible at all. Under previously existing law at the time of the contract in Daylin, the only homeowner exemption was a homestead exemption provided in the Civil Code which had to be recorded in order to be claimed. Therefore, no right of exemption existed at all and granting one after the contract was made would unconstitutionally impair the rights of the parties in the contract. However, the same is not true in the case at bar. As discussed above, the substantive right to the exemption existed at the time of contracting. Therefore, the respondent’s claim of contract impairment is without merit.
At the time of the contract, while the substantive right to the exemption existed, the less cumbersome procedures of sections 690.235 and 690.50 were in effect. At the time of the issuance of the writ of execution, the new provisions of section 690.31 were enacted and operative. The question is which procedure must be followed. The respondent makes no argument nor claim that even if the substantive right is not impaired that the provisions of the old statute must prevail over the provisions of the *Supp. 5 new statute. It is our opinion that the procedure outlined in section 690.31 must be followed.[1]
Parties have no vested right in the particular methods of procedure existing at the time a contract is created. A change in procedure which alters the way one may enforce his rights for breach is valid although retroactively applied to existing contracts. As clearly stated in Coast Bank v. Holmes (1971) 19 Cal.App.3d 581 at page 597 [97 Cal.Rptr. 30]: “ ‘If, notwithstanding a modification of law, the party can enforce his rights with substantially the same degree of effectiveness as before, his contract rights have not been violated.’ ” It is competent for the Legislature to change the process of recovery, if it can do so without impairing the obligation of the contract. (In re Rauer’s Collection Co., supra, 87 Cal.App.2d at p. 254.)
An analogy can be made to cases where the Legislature shortened the statute of limitations while the right to bring an action was pending. The courts have consistently held that no one has a vested right in any particular allowance of time. Although the substantive right has already been created, a plaintiff may be required by a change in statute to take affirmative action to preserve and enforce if within a shorter time than would have been allowed for so doing by the statute in force when his action came into being. (Rombotis v. Frank (1958) 89 Cal.App.2d 378, 387 [201 P.2d 588]; Hendershott v. Shipman (1954) 124 Cal.App.2d 561, 565 [269 P.2d 113].) While the respondent here must take additional affirmative steps in order to preserve his right to a writ of execution, nevertheless his right ultimately to execute remains unchanged.
Therefore, the order of the trial court is reversed and must be vacated. The procedural safeguards of section 690.31 were not complied with. The writ of execution is therefore void.
Drewes, P. J., and Pfotenhauer, J., concurred.

The effect of the change is to eliminate the filing of a claim of exemption for dwellings and in place thereof to require a hearing prior to the issuance of the writ. The purpose of the hearing is to determine if the property is fully or partially exempt. The section also requires service of certain notices, specifies the method of such service and outlines the burden of proof. (See full text of Code Civ. Proc., § 690.31.)